HEIN, Respondent, vs. HUBER, Administratrix, and another, Appellants.

HUBER, Administratrix, Appellant, vs. HEIN and others, Respondents.

TAYLOR BEVERAGE & CANDY COMPANY and another, Respondents, vs. HUBER, Administratrix, and others, Appellants.

WEICHMANN, Appellant, vs. HEIN and others, Respondents.

*January 10—February 6, 1934.*

For the appellants Huber, administratrix, and General Casualty Company there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison and *F. E. Bachhuber* of Wausau, attorney for Theresa Huber, administratrix, and oral argument by *Oscar T. Toebaas*.

For the appellant Weichmann there was a brief by *Bird, Smith, Okoneski & Puchner* of Wausau, and oral argument by *R. E. Puchner*.

*Earl L. Kennedy* of Rhinelander, for the respondent Irvin Hein.

For the respondents Irvin Hein, Taylor Beverage & Candy Company, and Travelers Insurance Company there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *A. J. O'Melia*.

ROSENBERRY, C. J. In disposing of motions made after verdict the trial court said:

"If this court was sitting as a jury and to decide the facts in this case, I do not believe I would have decided this case as the jury decided it. However, that is not a test of the efficacy of the verdict as returned by a jury. This verdict is not against physical facts or any undisputed situation and is not against all the reasonable inferences that can be drawn from disputed situations."

After a careful examination of the record, we concur in the opinion expressed by the trial court. The evidence as disclosed by the numerous photographs, maps, and the testimony of witnesses who arrived upon the scene shortly after the accident is such as would have sustained a finding by the jury that Hein was guilty of negligence; on the other hand, the verdict of the jury is supported by his testimony, which while subject to criticism is not incredible. It cannot be said upon the record as a matter of law that Hein, the truck driver, was negligent as to lookout, control, and turning his truck to the left of the center of the road as he did. The verdict cannot be set aside even if it is against the great weight and clear preponderance of the evidence. It must be sustained if there is credible evidence to support it.

On behalf of the plaintiff Wiechmann it is urged very strongly that her interests were prejudiced by the consolidation of the various actions for trial because first, the issues

being confused, the jury got the idea that the real contest was between Jimmie Woznick and Hein as against Huber; second, because of the opportunity given to the attorneys for Woznick and Hein to cross-examine each other's witnesses. There was no evidence that Weichmann was driving the Chevrolet coach. It is conceded that whether or not actions shall be consolidated for trial is a matter within the sound discretion of the trial court. *Schmidt v. Riess,* 186 Wis. 574, 203 N. W. 362. In view of the fact that under Rule (Section) 263.15 as amended by order promulgated June 29, 1933, all claims arising from the occurrence out of which the action arose may be litigated in one action, it is rather difficult to see how it can be said that the consolidation of these actions for the purposes of trial constituted an abuse of discretion or was erroneous. We consider with these cases two cases, *Terrien v. Roenitz, post,* p. 263, 252 N. W. 689, and *Reardon v. Terrien, post,* p. 267, 252 N. W. 691, in which there were separate trials, in one of which a driver was found guilty of negligence and in the other, upon the same state of facts, he was acquitted of negligence. It must be anticipated that when a controversy is submitted to two different tribunals—in this case, juries—that different and even inconsistent results may be reached. Such an outcome seems to prove beyond controversy that somewhere justice has miscarried. It may be that juries determine the facts in accordance with their sympathies rather than upon an unbiased consideration of the facts, as it is claimed in this case, but certainly this court cannot declare law based upon such an assumption as that. Upon this record it cannot be said that there was an abuse of discretion in consolidating the cases for trial.

It is also contended that the instruction with respect to the right of Hein to turn to his left in the face of an emergency was not as explicit as it should have been. The court gave the correct instruction in language clearly understandable and applicable to the facts, therefore it cannot be

said that the court was in error in failing to expound or emphasize the law in that regard.

On behalf of the plaintiffs Huber and Weichmann, in addition to the matters already considered, it is further urged that Hein was guilty of negligence as a matter of law in failing to drive at a speed at which he could stop within half of the range of his vision as required by sec. 85.40 (5), Stats. With respect to the negligence of Hein, the court instructed the jury:

"Another statute with reference to speed is that in traversing curves and grades where the operator does not have a clear view of approaching traffic upon the highway, the speed of such vehicle shall not be greater than that which will permit him to stop his vehicle within one-half the range of his vision."

Upon this and other instructions relating to speed, the jury found that Hein was not guilty of negligence as to speed. There are many factors in the situation in this case which must be taken into consideration. Hein testifies, although he testified at the inquest differently, that he saw the Huber car when it was one hundred feet away. Where he saw the car does not measure the limit of his vision nor does the statute require him to stop. The evidence in this case does not present a situation which is at all parallel to that found in *Mader v. Boehm,* 213 Wis. 55, 250 N. W. 854. Proof that Hein did not stop is not proof that he was traveling at a speed which did not permit him to stop his vehicle within half the range of his vision. Hein may well have assumed for some instant of time at least that Huber would turn his vehicle to his own or southerly side of the highway. What it was his duty to do and what he did do under the circumstances were clearly for the jury. We find no reversible error.

*By the Court.*—The judgment in each of the cases is affirmed.