SHEA, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*January 8—February 5, 1935.*

264

For the appellant there were briefs by *Bender, Trump & McIntyre,* attorneys, and *Rodger M. Trump* and *David G. Owen, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Trump.*

For the respondents there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, attorneys for the Industrial Commission, and oral argument by *Mr. Levitan;* and by *Olin & Butler* of Madison, attorneys for Gerald Emmett Shea, and oral argument by *E. L. Wingert* of Madison.

ROSENBERRY, C. J. The question presented is whether or not Gerald Emmett Shea, the son, was entitled to share in the award as one dependent upon Timothy R. Shea for support. A determination of this question involves an interpretation of sec. 102.51 (1), Stats., which provides:

"The following shall be conclusively presumed to be solely and wholly dependent for support upon a deceased employee: A wife upon a husband with whom she is living at the time of his death; . . . a child under the age of eighteen years . . . upon the parent with whom he is living at the time of the death of such parent. . . . In case of divorce the charging of any portion of the support and maintenance of a child upon one of the divorced parents, or any voluntary contribution toward the support of a child by such divorced parent, or an obligation to support a child by such divorced parent shall be held to constitute a living with the parent so charged."

The questions to be resolved are: (1) Was Timothy Shea under an obligation to support Gerald? (2) Did he make a voluntary contribution toward the support of Gerald?

Obligation to support. The appellant argues that the obligation to support and the right to custody and control are correlative; that the father having been deprived by the decree of the North Dakota court of the custody of the child, and it having in fact remained in the custody of the mother, there was no present duty or obligation on the part of the

father to support Gerald. The appellant cites in support of her contention the cases of *Western Indiana Gravel Co. v. Erwin,* 84 Ind. App. 26, 149 N. E. 185, and *Miller's Case,* 244 Mass. 281, 138 N. E. 254, 255. *Zilley v. Dunwiddie,* 98 Wis. 428, 74 N. W. 126, is conclusive on this question. In that case the divorced wife filed a claim against the estate of her former husband for the support of a son who remained in her custody. The court there said:

"It was the right, and the duty as well, of the husband to obtain the custody and control of his infant son, and to support him, after he had arrived at the age of ten years. We consider it against the policy of the law to encourage a father thus obligated to attempt to ignore or evade his parental duty, or to cast it upon any other party, so as to enable him to convert such parental neglect and misconduct into a shield against parental liability. Domestic and social duty alike required him, when his son arrived at the age of ten years, to enforce his parental rights and discharge his parental duties. He knew they were being exercised and performed by another, who as to him was then an utter stranger, and he knew, also, that the disrupted condition of his family relations had been adjudged in consequence of his marital misconduct." Citing *Pretzinger v. Pretzinger,* 45 Ohio St. 458, 15 N. E. 471.

This court by this decision adopted the doctrine generally adopted in this country. The cases are collected in an annotation "Liability of father for support of children awarded to mother by decree of divorce not providing for maintenance," 15 A. L. R. 569, continued in 81 A. L. R. 888. The jurisdictions from which the plaintiff's citations are drawn apparently support the minority rule. In any event, the obligation of a father under the circumstances of this case is clearly determined by *Zilley v. Dunwiddie,* decided in 1898, more than twelve years before the adoption of the Workmen's Compensation Act, and the legislature is presumed to have used the phrase "obligation to support" with its well-established legal meaning as defined by this court.

Timothy Shea was therefore under obligation to support Gerald at the time of his death and the award of the Industrial Commission was properly affirmed by the trial court.

We need not determine whether or not the contributions made by Timothy Shea bring the case within the provisions of the Workmen's Compensation Act.

*By the Court.*—Judgment affirmed.