NOWACK, Respondent, vs. NOWACK, Appellant.

*September 10—October 8, 1940.*

*H. A. Schmidt* of Lake Mills, for the appellant.

For the respondent there was a brief by *Grady & Dakin* of Watertown, and oral argument by *D. M. Dakin.*

FOWLER, J. The plaintiff sues his wife for a divorce and alleges as ground therefor that she had "been guilty of a course of cruel and inhuman treatment of and toward" him "evidenced by means other than physical violence." The allegations are that the plaintiff's efforts to furnish a nice home for the defendant have not been appreciated by

her; that the defendant has not been satisfied to live within the income of the plaintiff and incurred obligations that he could not afford to pay; that the defendant has not been loyal; that the defendant has been dominated by her mother "to the detriment of the plaintiff;" that the defendant has "been unfriendly toward certain members" of plaintiff's family; that defendant has "stirred up strife" between members of plaintiff's family; that defendant has told plaintiff she is "through with him" and has left the home of the plaintiff; that this entire conduct of the defendant has been cruel and inhuman and has so continually harassed and annoyed him that he is of the opinion that it is improper to longer live with her.

The defendant by answer categorically denies these allegations. She alleges in defense that if there had been any cruel and inhuman treatment by her conduct as alleged in the complaint, the same was condoned by and forgiven by reason of the living and cohabitation together of the parties. The defendant prays judgment dismissing the complaint, awarding alimony if the divorce be granted and awarding separate maintenance if it be denied.

We have read the evidence with great care and have reached the conclusion that the finding of the court that the defendant was guilty of cruel and inhuman treatment of the plaintiff is against the great weight and clear preponderance of the evidence. The judgment must therefore be reversed with directions to dismiss the complaint.

There is a finding of the court "that before the commencement of this action the defendant left the plaintiff and refused to longer live with him as his wife." We cannot say that this finding is contrary to the great weight and preponderance of the evidence. A wife on leaving her husband is not entitled to be supported by him if the leaving of him was without reasonable cause. *Gray v. Gray*, 232 Wis. 400, 287 N. W. 708. There is no express finding

here that the wife's leaving was without reasonable cause, but a finding to the contrary would be contrary to the great weight and preponderance of the evidence. The wife is therefore not entitled to separate maintenance.

We do not perceive that any useful purpose would be served by detailing or even summarizing the evidence in this case. It seems sufficient to say that we have carefully read the evidence bearing upon the question of cruel and inhuman treatment, and that in our judgment it discloses nothing that occurred between the parties from the time they were married, November 26, 1938, to July 10, 1939, that would cause serious concern to normal sensible married persons. By the plaintiff's own testimony he never had a harsh word with the defendant throughout their married life and she had never spoken a harsh word to him. Up to the time stated there had never been a thought of divorce or separation on the part of either party or that cause for divorce or separation existed. On July 1st, while the defendant was staying with her mother pursuant to an arrangement occasioned by the plaintiff's engaging to go to a boy's camp for a month as camp doctor and mutually agreed upon and entirely satisfactory to both parties, the plaintiff wrote a letter to defendant expressive of sincere love and affection for her and of anticipation of pleasure on their moving into an apartment which they had engaged for occupancy on plaintiff's return from the boy's camp and his taking up the practice of medicine with his father. The plaintiff pleasantly and enjoyably spent from June 20th to June 26th with the defendant while she was at her mother's pursuant to the arrangement above stated. On June 27th, 28th, and 29th the plaintiff took an examination before the state medical board pursuant to his application for a physician's license, and the defendant spent these three days with him at his hotel at the suggestion of the plaintiff's father that it would be helpful to plaintiff as lessening the

strain incident to this examination. All this negatives the idea of a cause of action for cruel and inhuman treatment, notwithstanding that the plaintiff was at times nervous under the stress of exacting work as a hospital intern, and notwithstanding that the trial court was of opinion as expressed in one of his findings—

"9. That in the stress under which the plaintiff was laboring by reason of the difficulties between his father and mother—the knowledge that his entire maintenance and that of his wife was dependent upon the bounty of others; the uncertainty of his own professional career due to the fact that he had not yet hurdled the examiners—the court believes that the defendant had not sufficient unselfishness or understanding."

The incident on July 10th above referred to occurred at the funeral services of plaintiff's grandmother which were held at the home of the plaintiff's father, who had procured a divorce from his wife, plaintiff's mother, on the ground of cruel and inhuman treatment. There was ill feeling between the defendant and plaintiff's mother and sister. The latter were to attend the funeral. The plaintiff discussed with the defendant whether in view of the ill feeling she should attend the services. They concluded that she should. The mother and sister and the defendant met at the coffin side. The mother extended her hand to the defendant. The defendant either did not take the proffered hand according to the plaintiff, or according to the defendant hesitated in taking it because the hand was extended with the palm up and accompanied by a "vindictive" attitude on the part of the mother, but did take it and the mother instantly withdrew her hand from the defendant's. As this occurred the plaintiff's sister became hysterical and left the room. This occurrence and this alone is what caused the separation of the parties and the commencement of the action on July 17th. The evidence is in dispute as to what occurred there-

after. It is without dispute that the defendant determined to go to Florida with her mother, and that the plaintiff saw her on July 11th at her mother's, and that at this meeting the parties evidenced sincere affection for each other, and at their parting embraced and kissed. No efforts at reconciliation were made thereafter. As above stated, the finding of the court that the defendant left the plaintiff cannot be disturbed and it does not appear from the evidence that defendant had reasonable grounds for leaving. The leaving of the plaintiff by the defendant if wilfully continued by her for one year against the will of plaintiff will ripen into a cause of action to the plaintiff for a divorce on the ground of desertion, and the separation if voluntarily continued by both parties for the statutory period of five years will ripen into a cause of action for divorce by either of them. Subs. (4) and (7) of sec. 247.07, Stats. The trial court at the close of the testimony queried of defendant's counsel "as a practical matter what will become of these young people if the divorce is not granted?" The above seems to indicate clearly enough that what happens to them will depend on the course they pursue.

*By the Court.*—The judgment of the county court is reversed, and the cause is remanded with directions to dismiss the complaint on the merits.