SONNENBERG, by Guardian *ad litem,* Respondent, vs. HARD-
WARE MUTUAL CASUALTY COMPANY, Appellant.

*June 8—July 12, 1949.*

For the appellant there was a brief by *Chambers & Armstrong* of Mauston, and oral argument by *Lloyd L. Chambers*.

For the respondent there was a brief by *Donovan, Gleiss, Goodman, Breitenfield & Gleiss* of Tomah, and oral argument by *Victor H. Breitenfield*.

BROADFOOT, J. This accident occurred on State Trunk Highway 16, about two miles east of the city of Tomah, south of the Airport Restaurant, at about 1:30 a.m. on May 11, 1947. The highway runs approximately east and west. For some distance on each side of the scene of the collision the surface of the road is straight and level. It is a concrete highway twenty feet in width with a black center line and with shoulders about ten feet wide on each side. The Airport Restaurant is located on the north side of the highway about fifty-six feet from the north edge of the concrete slab. West of the restaurant and on the same side of the highway is a weigh station operated by the motor vehicle department of the state of Wisconsin. There is a driveway and parking area between the restaurant and the highway extending about four hundred feet along the highway and narrowing as it approaches the restaurant.

Prior to the collision the plaintiff, with one passenger, was driving east upon the highway, intending to turn left and enter the parking area in front of the restaurant. The de-

fendant's insured, with three passengers, was driving west toward Tomah. There is a sharp conflict in the evidence. The plaintiff testified that he drove about seventy-four feet east of the weigh station, when he turned left across and off the highway, then drove east parallel with but entirely off the concrete and north of the extended line of the shoulder; that he was entirely upon the parking area in front of the restaurant and had driven slowly a distance of one hundred seventy-two feet upon the parking area when struck by the car of the defendant's insured. His witnesses corroborated his story.

Defendant's insured testified that he was driving carefully and at a reasonable rate of speed down the highway when plaintiff turned left across his lane of travel; that he gradually applied his brakes and turned to the right to avoid the collision. His witnesses corroborated his story.

Each driver saw the other approaching from several hundred feet away and they agreed that there was no other motor vehicle upon the highway and within sight immediately before the accident. There were approximately ten other vehicles standing upon the parking area but there was a dispute as to where they were located and the distance of those nearest the highway from the north edge of the concrete. After the collision plaintiff's car was facing in a northerly direction with its rear wheels upon the concrete. The car of the defendant's insured was facing in a westerly direction almost parallel with the highway. It stopped some distance north of the concrete but the measurement of that distance is in dispute.

A detailed review of the testimony would be useless. The above is sufficient to show that there was a sharp dispute as to each material fact. A careful review of the record would lead one to believe that the witnesses were describing unrelated accidents.

The defendant contends that the physical facts and all of

the other credible evidence show conclusively that the plaintiff was, as a matter of law, more negligent than the defendant's insured.    There is evidence in the record from which the jury could have so found.

There is also ample credible evidence in the record to support the findings that the jury made.    All of the evidence was considered by the trial judge at the hearing on motions after verdict.    He held that the findings of the jury should stand. His ruling also denied plaintiff's motions upon which he bases his motion to review.    In the case of *Felix v. Soderberg,* 207 Wis. 76, 240 N. W. 836, it was held that the supreme court does not retry cases on appeal but reviews the record to ascertain whether or not the judgment is affected by prejudicial error, and in determining whether or not the verdict of the jury is sustained we must look to that testimony which, even though it be contradicted, tends to sustain the finding of the jury.    The rule is stated in *Hein v. Huber,* 214 Wis. 230, 233, 252 N. W. 692, as follows:

"The verdict cannot be set aside even if it is against the great weight and clear preponderance of the evidence.    It must be sustained if there is credible evidence to support it."

See also *Wallin v. Sutherland,* 252 Wis. 149, 31 N. W. (2d) 178; *Thorp v. Landsaw,* 254 Wis. 1, 35 N. W. (2d) 307.

*By the Court.*—Judgment affirmed.