GRANT, Respondent, vs. CHRISTENSEN, Appellant.

*September 16—October 11, 1949.*

For the appellant there was a brief by *Vilas H. Whaley* of Racine, and *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Mr. Whaley* and *Mrs. Doris L. Vaudreuil*.

For the respondent there was a brief by *Heft & Burgess* and *Harley Brown,* all of Racine, and oral argument by *Carroll R. Heft*.

BROADFOOT, J.   The plaintiff alleged in his complaint that he purchased eight cows from Christensen for the purpose of producing milk on his dairy farm; that the defendant had knowledge of the use and purpose for which said cows were required and that by reason thereof there was an implied warranty by the defendant that said cows were reasonably fit for such purpose; that in addition thereto, and as a part of the con-

tract of sale, the defendant represented and warranted said cows to be in good health and free from disease; that the plaintiff relied upon said warranty and representation in making the purchase; that said cows were not of the quality and condition as warranted and represented, but were infected with a communicable disease, which disease was communicated to plaintiff's cows in spite of medical care and attention.

The defendant denied any representation or warranty, either express or implied. He denied that he made any representation or warranty as to the health of said cows, and alleged that said cows were in fact in good health and free from disease at the time of the sale. He denied that the plaintiff in purchasing said cows relied upon any warranty or representation, and alleged that plaintiff was an experienced dairy farmer and bought said cows only after examining them carefully and that he relied upon his own skill and judgment, and that the entire contract was expressed in the terms of the note and conditional sales contract.

There was a sharp conflict in the testimony upon the trial. The plaintiff and defendant told contradictory stories as to how the plaintiff learned that defendant had cows for sale, as to the length of time plaintiff and his son spent in the sales barn, as to the manner and length of time spent by plaintiff and his son in examining the cows, and as to the conversation between the plaintiff and defendant. There was also a sharp conflict in the testimony of the expert witnesses as to the causes of shipping fever, as to the incubation period of the organism that causes the disease, and as to the result of the disease in decreasing milk production.

After hearing the conflicting testimony the jury, by a special verdict, found that one or more of the cows sold by the defendant to the plaintiff were infected with shipping fever at the time they were sold to the plaintiff; that the defendant at or immediately before the sale expressly represented and warranted that the cows were free from shipping fever; that the

plaintiff relied upon such express warranty in purchasing said cows; and that the plaintiff as buyer relied upon the skill or judgment of the defendant as seller that the cows were reasonably fit for use as dairy cows.

The appellant contends that the judgment herein should be reversed for the following reasons: (1) That there is no credible evidence that any of the Christensen cows were infected with hemorrhagic septicemia (shipping fever) at the time of sale; (2) that respondent failed to prove by a preponderance of the credible evidence that the appellant at or immediately before the sale of the cows expressly represented and warranted them to be free from shipping fever; (3) that in purchasing the cows respondent did not rely upon an express representation and warranty that they were free from shipping fever; (4) that plaintiff as buyer did not rely upon the skill and judgment of the defendant as seller of the cows that they were reasonably fit for use as dairy cows; (5) that the jury's assessment of damages is excessive.

As to the first two contentions the rule in this state is that the findings of the jury, unless contrary to physical laws, ordinary human experience, or all reasonable inferences, must stand if there is any credible evidence to sustain them. *McKee v. Oconto National Bank,* 212 Wis. 351, 248 N. W. 404; *Sheehan v. Lewis,* 218 Wis. 588, 260 N. W. 633. The rule has also been stated as follows in *Sonnenberg v. Hardware Mut. Casualty Co.* 255 Wis. 261, 264, 38 N. W. (2d) 491:

"In the case of *Felix v. Soderberg,* 207 Wis. 76, 240 N. W. 836, it was held that the supreme court does not retry cases on appeal but reviews the record to ascertain whether or not the judgment is affected by prejudicial error, and in determining whether or not the verdict of the jury is sustained we must look to that testimony which, even though it be contradicted, tends to sustain the finding of the jury. The rule is stated in *Hein v. Huber,* 214 Wis. 230, 233, 252 N. W. 692, as follows:

" 'The verdict cannot be set aside even if it is against the great weight and clear preponderance of the evidence. It must be sustained if there is credible evidence to support it.' "

A detailed review of the evidence is needless. A careful study of the testimony of the various witnesses shows that there is ample credible evidence to sustain the findings of the jury. By way of illustration the plaintiff testified in part as follows:

"*Q.* Did you talk about the physical condition of the cows? *A.* Yes, we did.

"*Q.* While you were standing there? *A.* I asked him if they were straight and right every way. He says, you know that. If not you know where you got them from.

"*Q.* When a cow is straight and right, in the cow business what does that mean? *A.* That means they are well and healthy. Good utters [udders] on them.

"*Q.* Did you talk about any particular disease to Joe Christensen? *A.* Yes we did.

"*Q.* What disease did you talk about? *A.* Shipping fever.

. . .

"*Q.* Well, Mr. Grant, can you tell us by using exact words the whole or part of that conversation? *A.* Well, I asked him if these cows had shipping fever and he said, 'God no, don't even talk about it.'"

The defendant denied specifically that he made the statements and stated that he made no representations or warranty as to the health of the cows.

Under its second contention the appellant also argues that the testimony of the plaintiff as to the express warranty should not have been admitted because the entire agreement was reduced to writing in the note and conditional sales contract and cites cases that oral testimony is not admissible to contradict or vary the terms of a written agreement. That rule is well established in this state. In this case, however, the written agreement covered the terms of payment and the security, and it cannot be held that it embraces within its terms the entire agreement. Plaintiff's testimony as to the express warranty was properly admitted.

As to the third and fourth contentions, that the plaintiff did not rely upon an express warranty by the defendant or upon

his skill and judgment, they were questions of fact for the jury. *Van Dale v. Prudential Insurance Co.* 225 Wis. 281, 274 N. W. 153.

As to contention five, there were four subdivisions to the damage question in the special verdict. The trial court reduced the amount of damages assessed by the jury under the second subdivision to "the lowest amount that an impartial jury on the evidence, properly instructed, would reasonably award." The plaintiff accepted judgment in the reduced amount rather than a new trial. The evidence sustains the assessment of damages under the remaining subdivisions.

*By the Court.*—Judgment affirmed.