NEINFELDT, Respondent, vs. SCHULTZ, Appellant.

*January 13—February 8, 1955.*

38

For the appellant there was a brief by *Brazeau & Brazeau* of Wisconsin Rapids, and oral argument by *Richard S. Brazeau*.

For the respondent there was a brief and oral argument by *John J. Jeffrey* of Wisconsin Rapids.

BROWN, J.  Defendant does not question the jury's version of the contract but submits that the question to be determined on the appeal is whether plaintiff and defendant entered into a compromise of all questions in dispute upon the basis of payment of $988.90 by the plaintiff to the defendant.

The defendant testified that there were a number of discrepancies in the accounts submitted by plaintiff, particularly in respect to a shortage of lumber delivered which amounted in cash to $300 and which the defendant waived in reaching $988.90 as the figure he would settle for. In other words, defendant asserts that $988.90 was put forth as an amount for which he would settle a disputed account and he contends that this offer was accepted by plaintiff by an unqualified payment of this amount. It may be granted that defendant's testimony supports such a conclusion. But plaintiff's testimony must also be considered. It is axiomatic that testimony is to be viewed in the light most favorable to support the verdict and if any credible testimony so viewed does sustain the verdict, the verdict must stand. The extracts already quoted are sufficient to show that the conference between the parties broke up with the plaintiff vowing to hold defendant to plaintiff's interpretation of liability for the saw bill. His last words informed defendant that plaintiff would compel defendant to pay one half of the saw bill. There was certainly no meeting of the minds at that moment on the question of settlement.

If settlement had been reached and its terms performed, as defendant contends, we would have no difficulty in following his reasoning that there was no question to go to the jury, but his argument rests on an assumption that, as a matter of law, the parties did agree to settle their conflicting claims by the payment of $988.90 to defendant by plaintiff and plaintiff manifested his agreement by the payment. Plaintiff's testimony of the final moments of the conference, if believed by the jury, establishes the direct opposite, and we consider that it was the province of the jury to determine whether the payment made the next day evidenced a change of mind by plaintiff and an acceptance of defendant's terms or whether it merely performed plaintiff's parting statement, in effect: "I'll pay you the money which I hold and you claim is yours and I'll make you pay what I claim you owe to me."

The jury found that the remittance by plaintiff was not made as a settlement of the mutual obligations of the parties. We think plaintiff's evidence was sufficient to take the question to the jury and supports the answers of the verdict. The judgment upon the verdict must be affirmed.

*By the Court.*—Judgment affirmed.