SCHADE, Respondent, vs. SCHADE, Appellant.

*December 7, 1956—January 7, 1957.*

For the appellant there was a brief by *Gruhle & Fessler,* attorneys, and *Henry A. Detling* of counsel, all of Sheboygan, and oral argument by *Mr. Jacob Fessler* and *Mr. Detling.*

For the respondent there was a brief and oral argument by *Alfred B. Gerber* of Sheboygan.

STEINLE, J.    Sec. 52.11, Stats., pursuant to which this action was commenced, provides as follows:

"52.11 ACTIONS TO COMPEL SUPPORT BY HUSBAND. If any husband fails or refuses, without lawful or reasonable excuse, to provide for the support and maintenance of his wife or minor children, the wife may commence an action in any court having jurisdiction in actions for divorce, to compel such husband to provide for the support and maintenance of herself and such minor children as he may be legally required

to support. The court, in such action, may determine and adjudge the amount such husband should reasonably contribute to the support and maintenance of said wife or children and how such sum should be paid. The amount so ordered to be paid may be changed or modified by the court upon notice of motion or order to show cause by either the husband or wife upon sufficient evidence. Such determination may be enforced by contempt proceedings."

The parties were married on June 24, 1933. When this action was brought, they resided in Sheboygan. The plaintiff at the time was forty-one years of age, and the defendant forty-nine. There were three children born of the marriage, all daughters, one who had reached her majority; one born October 23, 1940; and one born July 8, 1944. The defendant is employed as a traveling salesman for a wholesale grocery concern and works out of Sheboygan. His earnings are $245 per month take-home pay, and $150 per month guaranteed expense allowance, plus a bonus annually. Shortly before the commencement of this action the plaintiff's mother died and left a legacy to the plaintiff of $25,000. Plaintiff had been gainfully employed as a receptionist and manager of dress shops for about a year prior to the commencement of this action.

The plaintiff previously had instituted an action for divorce in Sheboygan county against the defendant. That action was contested. On November 12, 1953, judgment was rendered denying a decree of divorce. No application was made for an order under sec. 247.28, Stats., which permits support-and-maintenance arrangement for a wife and children, notwithstanding that a divorce is denied. It appears from the evidence that the parties were separated for a year during the pendency of the divorce action. The custody of the minor children had been temporarily placed with the plaintiff during that period, and she and the children occupied the home of the parties. At the conclusion of the divorce trial the plain-

tiff returned to the home, and the defendant immediately communicated with her advising that he intended to move back into the home. She requested that he wait until they had talked over the situation, and had decided matters between them. Although he agreed to such an arrangement, he did not wait for a conference as proposed, but presented himself with his baggage at the home on the evening of the second day after the trial. With reference to occurrences at that time, the plaintiff testified that she "just took his baggage and threw it out of the door, and took him and threw him out of the door too, and then I locked the door." The following day the defendant returned with a police officer who advised the plaintiff to move out of the house and into a hotel. A few days later she moved to furnished rooms and took the minor children with her. They have not returned. He has been in possession of the home and has resided there since the plaintiff left. Notwithstanding his entreaties to have the plaintiff and the children return to the home, the plaintiff expressed an intention of not going back. A letter to the plaintiff from the defendant's counsel indicated that the defendant was willing to furnish support and maintenance, provided the plaintiff and children would return to the home.

It is the position of the defendant that the acts of the plaintiff in leaving the home of the parties under the circumstances appearing of record which disentitled her to be supported by him, and in taking the minor children with her, constituted "lawful or reasonable excuse" (as referred to in sec. 52.11, Stats.) for his failure and refusal to support the children, and that the trial court erred in directing support payments for the children. In the alternative it is contended that, notwithstanding the power of the court to adjudicate support payments for minor children when the mother removes them from the home of the parties, nevertheless, in circumstances as here, where the mother has an ample and

independent estate of her own and is gainfully employed, it was an abuse of power to direct the husband to contribute to the support of the children. As a further alternative challenge of the judgment, the defendant maintains that since sec. 52.01 (4) provides for support of dependent children by husband or wife, and since sec. 6.015 gives women the same rights under the law as men in the care and custody of children, the plaintiff under the facts of this case, assumed the primary obligation to support the children.

It appears without dispute that from October, 1953, when the decree of divorce was denied, until January, 1954, when this action was commenced, the defendant contributed only the sum of $15 for the support of the children. That amount was entirely inadequate to maintain the children with respect to the necessities of life. The record indicates that he possessed sufficient financial ability to have supported them properly.

Sec. 52.11, Stats., is foundationed upon the principle that a husband has a legal obligation to maintain and support his wife and children. Under its provisions such support can be directed and compelled by a court of competent jurisdiction in a civil action brought for such purpose, unless it appears that the failure or refusal of the husband in regard to his nonsupport is based upon a lawful or reasonable excuse.

It is the rule in this state that a wife in leaving her husband without just cause is not entitled to be supported by him. *Nowack v. Nowack* (1940), 235 Wis. 620, 293 N. W. 916. A wife's separation from her husband without just cause constitutes a lawful and reasonable excuse under sec. 52.11, Stats., for the husband's failure and refusal to support her. While in a number of states, courts deny the liability of a father to the mother for necessaries furnished to children taken from the father's home by the mother without his consent, and while some courts regard the father as wholly relieved of his duty to provide support for such children

when they are living apart from him, even though he subsequently assents to the arrangement or fails to take steps to regain the custody, other courts assert that the father's parental obligation to support his children is deemed to continue unaffected by such conduct on the part of the wife and mother, especially where such children are of tender years and are incapable of deciding for themselves what course they should pursue, and the father has made no attempt to regain their custody. 39 Am. Jur., Parent and Child, pp. 649, 650, sec. 41. This court is committed to the latter principle. In *Beilfuss v. State* (1910), 142 Wis. 665, 666, 126 N. W. 33, the following instruction of the trial court was approved:

" 'If you find that the defendant has sufficient ability to maintain or to earn the means with which to support the children, his offer to support them on their surrender to his custody by the wife does not relieve him from liability for their support, even if they are improperly detained from him by the wife, since he can obtain custody of them, if entitled to it, by appropriate legal proceedings.' "

Thus, notwithstanding that minor children are improperly detained from the father by the mother, the offer by the father to support them only if they are returned to his custody, is not a lawful or reasonable excuse relieving him from liability for their support where the opportunity is open to him to obtain their custody by appropriate legal proceedings. See also *Zilley v. Dunwiddie* (1898), 98 Wis. 428, 74 N. W. 126; and *Adams v. State* (1916), 164 Wis. 223, 159 N. W. 726. This principle is to be observed in civil actions brought against a father for the nonsupport of his minor children, as well as in criminal proceedings against him for such nonsupport. In the case at bar legal channels are open to the appellant by means of which he may petition for the custody of the children. Sec. 52.11, Stats., directs no distinction as to situations in which the father of minor children

is residing with his wife and children, and those in which the parents are separated. It has not been uncommon practice to invoke the provisions of sec. 52.11 where the husband fails to support the family properly, when, although he is of sufficient means, he fails to perform such obligation, notwithstanding that he lives with the family. More often, however, sec. 52.11 is utilized in situations in which the parents are separated, the separation of the father from his wife having no effect upon his obligation to provide reasonable maintenance for children of the union, as the duty is a continuing. one existing independently of the marital status. See *Shea v. Industrial Comm.* (1935), 217 Wis. 263, 258 N. W. 779. Such duty on the father's part continues unless removed or shifted in some way recognized by law. 67 C. J. S., Parent and Child, p. 687, sec. 15 a. In the instant cause the trial court did not err in determining that appellant contribute for the support of the minor children.

We next consider appellant's alternative challenge that the court abused its power in directing that he contribute toward the support of the minor children in view of the wife's favorable financial position resulting principally from the legacy left to her by her mother, and from her independent earnings. A father ordinarily has the primary duty to support, maintain, and educate the minor children of the marriage. 67 C. J. S., Parent and Child, p. 688, sec. 15 b (1). See also 39 Am. Jur., Parent and Child, p. 630, sec. 35, note 7. Regardless of a mother's financial resources, the primary duty of support rests on the father. 67 C. J. S., Parent and Child, p. 689, sec. 15 b (1), note 46. We subscribe to the principle laid down in *Commonwealth ex rel. Firestone v. Firestone* (1946), 158 Pa. Super. 579, 581, 45 Atl. (2d) 923, 924, that "A father of sufficient means must support his child, and it is not a defense that either the mother–custodian. or the child itself, has independent means. The

support is to be commensurate with the means and station in life of the father." The trial court's determination in regard to this matter was in accordance with such principle.

As to the other alternative challenge of the judgment, it is to be noted that sec. 52.01 (4), Stats., relied upon by appellant, refers to support of dependents. It directs contributions from relatives in order as follows: "First the husband or wife; then the father; then the children . . . ; and lastly the mother." Under that enactment, the obligation of support by the father precedes obligation of contribution by the mother. Appellant also submits that since sec. 6.015 (1) (Married Women's Act) affords to women the same rights and privileges under the law as men with reference to care and custody of children, it therefore reasonably follows that married women have identical responsibility with reference to the support of their minor children as do their husbands. In *Fehr v. General Acc. F. & L. Assur. Corp.* (1944), 246 Wis. 228, 16 N. W. (2d) 787, it was held that sec. 6.015 (1) was enacted to establish and enlarge the rights and privileges of married women, but not to create or enlarge liabilities except as specifically provided. The existing rule that a father is primarily liable for the support of his minor children was in effect when sec. 6.015 (1) was enacted. It has not been enlarged by subsequent legislation. Sec. 52.11 was enacted subsequent to sec. 6.015 (1), but significantly, it is applicable only to fathers and not mothers in regard to the support of their minor children. We find no merit to appellant's contentions with respect to these particulars.

*By the Court.*—Judgment affirmed.