SPEELMON ELEVATED TANK SERVICE and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 11—November 5, 1957.*

For the appellants there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *John A. Kluwin*.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

MARTIN, C. J.   Appellants' contention that Joyce Ann is not a dependent under sec. 102.51 (1), Stats., is without merit. That section provides, so far as material:

"The following shall be conclusively presumed to be solely and wholly dependent for support upon a deceased employee: . . . a child under the age of eighteen years (or over said age, but physically or mentally incapacitated from earning), upon the parent with whom he is living at the time of the death of such parent, . . . The charging of any portion of the support and maintenance of a child upon one of the parents, or any voluntary contribution toward the support of a child by a parent, or an obligation to support a child by a parent shall constitute a living with any such parent within the meaning of this section."

The evidence is undisputed that Joyce Ann is the minor daughter of John Vinkovich. True, he never supported her, but this does not change the fact that he was legally obligated to do so. The child's mother testified that she did not have him arrested for nonsupport because she could never find him. See *Shea v. Industrial Comm.* (1935), 217 Wis. 263, 258 N. W. 779. Since Vinkovich was under legal obligation to support the child, she must be considered as "living with" him at the time of his death and hence his dependent under the statute. That being true, she was entitled to the death benefits awarded her by the commission.

What appellants object to is the payment of more than the maximum death benefits. It is their position that the commission should set aside the previous award and reapportion the benefits among the three children. The commission, however, is without authority to do so.

Sec. 102.16 (1), Stats. 1951, under which the appellants proceeded, reads:

"Any controversy concerning compensation, including any in which the state may be a party, shall be submitted to said commission in the manner and with the effect provided in this chapter. Every compromise of any claim for compensation may be reviewed and set aside, modified, or confirmed by the commission within one year from the date such compromise is filed with the commission, or from the date an award has been entered, based thereon, or the commission

may take such action upon application made within such year. Unless the word 'compromise' appears in a stipulation of settlement, the settlement shall not be deemed a compromise, and further claim shall not be barred except as provided in section 102.17 (4) irrespective of whether award is made."

The award of December 2, 1952, was based upon stipulations which did not contain the word "compromise" and under the rule of *Wacker v. Industrial Comm.* (1946), 248 Wis. 315, 21 N. W. (2d) 715, at the expiration of twenty days the award could not be set aside on the application of the employer or the insurance carrier.

Appellants contend that this application of sec. 102.16 (1), Stats. 1951, denies them due process and the equal protection of the laws because they have only twenty days from the date of the order in which to seek relief whereas an employee, his legal representative, or dependent has six years under sec. 102.17 (4). Appellants are precluded from questioning the constitutionality of sec. 102.16 (1), Stats. 1951, since they voluntarily proceeded under it and accepted the benefits thereof. *Zweig v. Industrial Comm.* (1955), 269 Wis. 324, 69 N. W. (2d) 440. The situation is different from that in *Wendlandt v. Industrial Comm.* (1949), 256 Wis. 62, 39 N. W. (2d) 854, relied on by appellants, where the party raising the constitutional question had not proceeded, so far as the claimant was concerned, under the section challenged.

The award of December 2, 1952, is final and binding upon the appellants. However, Joyce Ann was not a party to the stipulations of settlement and hence could not be bound by the award based thereon. To hold that she should be denied the benefits to which she is entitled because the maximum has already been awarded to two other children on the basis of erroneous stipulations, would only compound the error by which the other children have been unjustly enriched.

Basically, the act is designed to protect the rights of injured workmen and their dependents. *C. F. Trantow Co. v.*

*Industrial Comm.* (1952), 262 Wis. 586, 55 N. W. (2d) 884. Joyce Ann is one of the persons whom the law is intended to protect. And if a choice must be made as to which alternative should be enforced,—the overpayment of death benefits, or the denial of benefits to a dependent for whose protection the law was enacted—we must choose that which carries out the purpose of the act, not a provision incidental to the act.

It may be that in the future employers and insurers will not be willing to stipulate settlements under sec. 102.16 (1), Stats. They may consider it burdensome to make such an investigation, before stipulating, as will avoid the result in this case. It so, the problem is for the legislature, not the courts.

*By the Court.*—Judgment affirmed.

STEINLE, J., dissents.