O'LEARY, by Guardian *ad litem,* Respondent, v. PORTER, Defendant: MILWAUKEE MUTUAL INSURANCE COMPANY, Appellant: KRAUSE and others, Third-Party Defendants.

*No. 224. Argued April 2, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 193.)

For the appellant there was a brief by *Block & Summers,* attorneys, and *Richard E. Rosenberg* of counsel, all of Janesville, and oral argument by *Mr. Rosenberg.*

For the respondent there was a brief by *Godfrey, Godfrey & Neshek* and *Milton E. Neshek,* all of Elkhorn, and oral argument by *Milton E. Neshek.*

BEILFUSS, J.   The appellant, Milwaukee Mutual, contends that the defense of no agency as between Porter and Mrs. Arntz is admitted and as such is a valid defense entitling Porter to a dismissal and that because this defense is alleged in the same paragraph of the answer as the alleged defense of Milwaukee Mutual based upon no agency, the demurrer should not be sustained.

In its answer appellant, Milwaukee Mutual, admits that at the time of the accident Mrs. Arntz had been given permission to use the automobile by the vehicle's owner, Mr. Porter. By the demurrer the plaintiff has admitted for the purposes of this appeal that the trip taken by Mrs. Arntz and Mrs. O'Leary was for their personal benefit and was not taken for the benefit of or at the direction or request of Mr. Porter.

That part of the answer demurred to provides:

"11. Further answering and as an affirmative defense, this answering defendant alleges that on the day of the accident, defendant, Thomas E. Porter, was the owner of a 1961 Pontiac Tempest; that on said day he

loaned said automobile to Janice Marie O'Leary to use for her own personal purposes and not for any use or purpose that was of any benefit to or at the request of Thomas E. Porter; that upon information and belief said Janice Marie O'Leary did take possession and control of said automobile and the use of the same and did thereafter and until the collision set forth in plaintiff's complaint use the same for her own personal purposes and benefit and at no time was such use for any purpose or for the benefit of or at the request or direction of Thomas E. Porter; that the use of said automobile at all times material was for the purposes and benefits of Janice Marie O'Leary and her agents and no other person; that by reason thereof, no agency existed between Thomas E. Porter and Janice Marie O'Leary or her agent so as to impute the negligence of Janice Marie O'Leary or Delores M. Arntz, as the case may be, to Thomas E. Porter; that by reason of the facts herein alleged, the relationship of bailor and bailee existed between Thomas E. Porter and Janice Marie O'Leary with respect to the use of said automobile and as such no negligence on the part of Janice Marie O'Leary or Delores M. Arntz can be or is imputed to Thomas E. Porter; that permission on the part of Thomas E. Porter to allow said automobile to be driven by either Janice Marie O'Leary or Delores M. Arntz will not and does not impute the negligence of either to Thomas E. Porter; that by reason hereof there is no agency existing between Thomas E. Porter and Janice Marie O'Leary or Delores M. Arntz with respect to the use of said automobile; that by reason of the facts herein alleged no presumption of agency between Thomas E. Porter and Janice Marie O'Leary or Delores M. Arntz arises out of the ownership of Thomas E. Porter of said automobile; that by reason hereof, Thomas E. Porter cannot and does not sustain any liability to the plaintiff for the accident and casualty mentioned in plaintiff's complaint; that by reason of the facts hereinbefore alleged this action against Thomas E. Porter and Milwaukee Mutual Insurance Company with respect to its obligation to indemnify him should be dismissed and that plaintiff take nothing by its complaint against Thomas E. Porter or Milwaukee Mutual Insurance Company by reason of the coverage afforded him by its policy."

Extended coverage under the liability policy to Mrs. Arntz at the time of the fatal accident is virtually admitted by the appellant insurance company. There is no dispute as to the substantive law applicable. Milwaukee Mutual admits, on oral argument, that no agency relationship is necessary to call into effect extended coverage under the policy. The issue under the omnibus clause is not one of agency but one of permission.[1]

The contention that because the demurrer failed as to the defendant Porter (because of no agency he was not a proper party), it "makes no difference whether said demurrer would be effective as against the other defendant, Milwaukee Mutual Insurance Company," cannot be sustained.

Porter has stated his defenses by a separate answer to which the plaintiff has not demurred. It is clear that the complaint [2] states a cause of action against Milwaukee

---

[1] Sec. 204.30 (3), Stats., provides for omnibus coverage. *See Employers Mut. Liability Ins. Co. v. Zurich Ins. Co.* (1965), 67 Wash. 2d 568, 409 Pac. 2d 165; *Aetna Casualty & Surety Co. v. Czoka* (1958), 200 Va. 385, 105 S. E. 2d 869; *Zuvich v. Balley* (La. App. 1933), 149 So. 281.

[2] "10. That upon information and belief, there was in force and effect at the time of the said collision an insurance policy on the vehicle then and there operated by the said Delores M. Arntz issued by the defendant, Milwaukee Mutual Insurance Company, whereby Milwaukee Mutual Insurance Company insured and agreed to indemnify and save harmless the defendant Thomas E. Porter, who was the named insured in said policy, and any person operating said vehicle with the permission of the named insured, against all liability and damage suffered or alleged to have been suffered by any third person by reason of the negligent operation of said automobile; that said policy of insurance contained a provision whereby said insurer reserved the right to defend any and all actions against the named insured, and to control the handling, settling and adjustment of claims as a result of any such negligent operation; that said vehicle at the time of said accident was being operated by Delores M. Arntz, with the permission of the defendant, Thomas E. Porter; that by reason of said policy of insurance and said collision, the defendant, Mil-

Mutual under the omnibus coverage statute and the trial court properly sustained the demurrer as to Milwaukee Mutual's agency allegation.

The second affirmative defense alleges that the father of the minor plaintiff has the primary legal duty to support the child, is able to do so, and that plaintiff has sustained no pecuniary loss as a result of the death of his mother, and that the damages should be limited solely to those of loss of society and companionship.

The complaint alleges the mother was the sole support of the minor plaintiff.

It is clear the primary legal duty to support a minor child is upon the father.[3] It is also clear the mother has a secondary legal obligation to support her minor child (*see* sec. 52.01 (4), Stats.).

Under the circumstances set forth in the complaint regarding the immediate past support of the child it is entirely unrealistic to believe that the mother would not continue to support him, in at least some degree, had she lived. The award for pecuniary loss must be based upon reasonable expectations. A finder of fact could reasonably find the child has suffered a pecuniary loss.

The trial court properly sustained the demurrer to the affirmative allegation that the minor plaintiff sustained no pecuniary loss by the death of his mother.

The defendant, Milwaukee Mutual, argues it should be able to introduce evidence as to the whereabouts of the father and his ability and obligation to support the minor plaintiff in mitigation of its damages. We agree it can do so.

---

waukee Mutual Insurance Company is directly liable to the plaintiff for the damages hereinbefore set forth and is a proper party defendant to this action as is said defendant Thomas E. Porter."

[3] Secs. 247.08 and 52.01 (4), Stats. *Schade v. Schade* (1957), 274 Wis. 519, 80 N. W. 2d 416; *State v. Freiberg* (1967), 35 Wis. 2d 480, 151 N. W. 2d 1.

The answer of the defendant, Milwaukee Mutual, denies the mother is the sole support of the minor and sets forth facts relating to the circumstances of the divorce. This denial in our opinion is sufficient to permit the defendant to offer proof of the circumstances of the father in mitigation of the claim of pecuniary loss because of the death of the mother.

*By the Court.*—Order affirmed.