STATE, Respondent, v. KEEHN, Appellant.†

*No. 75–546–CR. Argued October 7, 1976.—Decided*
*November 3, 1976.*
(Also reported in 246 N. W. 2d 547.)

† Motion for rehearing denied, without costs, on January 18, 1977.

For the appellant there was a brief by *Lawrence K. Gardner* and *Roland J. Steinle, Jr.,* and oral argument by *Mr. Steinle,* all of Cedarburg.

For the respondent the cause was argued by *William C. Wolford,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

ROBERT W. HANSEN, J. The decision in this case will largely rest on the terms and violation of the consent order. Thus discussion can here begin with the order earlier entered by the department of agriculture in which this defendant agreed as follows:

"[Not to] falsely represent to a customer or prospective customer that goods or merchandise or parts offered for sale by respondent are free of defects or are in good working order or condition and functioning properly . . . when in truth and in fact such goods or merchandise or parts are not free of defects or are not in good working order or condition and functioning properly. . . ."

■ ■ Defendant contends, for the first time on this appeal, that the enabling statute under which the above set forth consent order was issued (sec. 100.20(3), Stats.) is unconstitutionally broad. He claims that it encompasses "too broad a delegation of legislative power to the department of agriculture." (Appellant's Brief, page 9) However, defendant could have challenged the constitutionality of the statute at the time of his entering into a stipulation with the state department for entry of a consent order. He did not do so. Instead he agreed to the entry of the consent order, with the department agreeing to bring no further action against him at that time. Thus he waived his right to raise the issue of constitutionality now. It is an elementary rule of constitutional law that one may not retain the benefits of a statute and subsequently attack its constitutionality.[1] As this court stated the rule: "The appellants therefore are not in a position to question the constitutionality of [a statute] . . . because they voluntarily joined in the proceeding . . . under that provision."[2]

This defendant in 1970 could have challenged the constitutionality of the enabling statute under which the consent order was then entered. Instead he stipulated to the entry of such order and received a benefit, to wit, the entry of such consent order rather than prosecution by the department at that time. Courts do not pass upon the constitutionality of a statute at the instance of one who has earlier availed himself of a benefit under the statute he subsequently seeks to challenge.

It is to be noted that an additional roadblock to taking up the constitutional issue raised by the defendant is that he raises it for the first time on this appeal. The legislature in this state has provided that ". . . defenses

---

[1] See: Fahey v. Mallonee, 332 U.S. 245, 255 (1947).

[2] Zweig v. Industrial Comm., 269 Wis. 324, 330, 69 N.W.2d 440 (1955). See also: Speelmon Elevated Tank Serv. v. Industrial Comm., 2 Wis.2d 181, 185, 85 N.W.2d 834 (1957); Thomson v. Public Service Comm., 236 Wis. 157, 160, 294 N.W. 517 (1940).

and objections based on . . . invalidity in whole or in part of the statute on which the prosecution is founded . . . shall be raised before trial by motion or be deemed waived. . . ."[3] While there may be exceptions based on lack of jurisdiction of the subject matter or public policy, our court has many times held that ". . . the constitutionality of a statute normally cannot be raised for the first time on appeal as a matter of right."[4] This second roadblock is noted, although not here reached. This is because defendant is precluded from subsequently challenging the validity of the statute having already availed himself of a benefit thereunder.

Defendant challenges the sufficiency of the evidence to sustain his conviction. He specifically contends there is no evidence sufficient to establish that the appliances were not in good working order at the time of sale, or, if they were not, that he knew they were defective at the time of sale. This challenge goes to the jury verdict finding him guilty of the offense charged.

 In weighing the findings of a jury, the test is whether there is any credible evidence which, under any reasonable view, fairly admits of an inference that supports the verdict.[5] On appellate review, the evidence is to be viewed in the light most favorable to the jury's verdict.[6]

██ There is sufficient evidence in this record to support the finding of the jury that the appliances sold by the defendant were dysfunctional at the time of sale, and that defendant's representations to the contrary were

[3] Sec. 971.31(2), Stats.

[4] State v. Weso, 60 Wis.2d 404, 413, 210 N.W.2d 442 (1973), and cases cited therein.

[5] See: Toulon v. Nagle, 67 Wis.2d 233, 242, 226 N.W.2d 480 (1975); St. Paul Fire & Marine Ins. Co. v. Burchard, 25 Wis.2d 288, 293, 130 N.W.2d 866 (1964). See also: Grant v. Christensen, 255 Wis. 495, 499, 39 N.W.2d 453 (1949).

[6] Shoemaker v. Marc's Big Boy, 51 Wis.2d 611, 615, 187 N.W.2d 815 (1971); Neinfeldt v. Schultz, 269 Wis. 37, 39, 68 N.W.2d 452 (1955).

untrue. Certainly the evidence establishes they were inoperative upon arrival at the home of the complainant. The burners on the stove were totally dysfunctional, the wires having been charred and cut. The subsequent repair bill for the stove indicated "all wires to burners cut, rewired, changed all elements. Needs above parts, shorted wires, replace switches." Complainant testified that the refrigerator ran noisily and constantly. Further, according to Miss Lanphier, it remained in a freeze cycle thus keeping contents at unreasonably low temperatures. That the two appliances were not in good working order when delivered to the home of the complainant seems almost completely undisputed and certainly undisputable.

Since the two appliances were not in good working order when they arrived at the home of the complainant, the only way they could have been in good working order at the time of the sale, as defendant represented, would be if they were damaged en route during their delivery from store to home. However, the delivery man, an employee of defendant and son of Mrs. Keehn, testified that the damage to the stove (charred and cut wires) could not have occurred during the transfer from store to home. He is the same person who later examined and inspected the stove following the complaints of Miss Lanphier as to its condition.

His testimony as to the condition of the stove upon inspection buttresses his testimony that the nature of the dysfunction negates a possibility it could have occurred during the transfer. It is certainly a reasonable inference from this record that both stove and refrigerator were not put into poor working order by anything that occurred while they were being transported from store to home. The jury inference that the two appliances were not in good working order when they left the store at time of sale is amply supported by this record.

As to defendant's claim that he lacked knowledge of the condition of the appliances at the time of sale, it is

enough to state, as the trial court charged the jury, that the standard of his accountability is whether he knew or *should have known* the products were defective. He clearly should have known they were here defective. Under the consent order he agreed not to falsely represent to a customer that merchandise was free of defects "when in truth and in fact such goods or merchandise or parts are not free of defects."

Finally, defendant challenges his conviction on the ground that oral warranties made by him to complainant do not constitute part of the transaction between them. The reliance is upon the parol-evidence rule which excludes the oral part of an agreement which contradicts the written portion.[7] Defendant contends there was here a written receipt given the purchaser which "negated the idea that the customer was entitled to believe an oral statement of the seller relating to the condition of the appliances." (Appellant's Brief, page 18)

There are exceptions to the parol evidence rule, one being in cases involving fraud, our court holding: "[E]vidence of fraudulent misrepresentation is admissible, not to contradict the written terms of the agreement, but rather to demonstrate that it is invalid because induced by fraud."[8] In affirming the trial court's finding that oral statements made by this defendant at the time of sale are admissible, we return, as we began, to the stipulation between this defendant and the state department, and the consent order based thereon. Defendant agreed he would not falsely represent merchandise to be in good working order when "in truth and in fact" such merchandise was not in good working order.

---

[7] *See: Conrad Milwaukee Corp. v. Wasilewski,* 30 Wis.2d 481, 141 N.W.2d 240 (1966) and cases cited therein.

[8] *State v. Conway,* 26 Wis.2d 410, 417, 132 N.W.2d 539 (1965). *See also: Sherlock v. Bradley Polytechnic Institute,* 184 Wis. 425, 438, 198 N.W. 756 (1924).

█ This stipulation and order did not refer only to the terms of written guaranties given by this defendant to a customer, but included as well any oral misrepresentations made by this defendant at the time of sale. This is not an action between seller and buyer involving a written guaranty furnished by such seller. It is an action alleging violation of the consent order secured by the department against this defendant. It has been said more generally that: "The court will not exclude parol testimony offered to explain acts of accused amounting to a crime merely because accused has contrived to have the prosecuting witness sign a written instrument."[9] It is enough to note that the consent order banned oral or written false representations by this defendant in selling merchandise. He cannot escape responsibility under such order for false representations, made orally, by reliance on the limited terms of a written guaranty given a purchaser. Under the facts here, the limitations contained in the written guaranty or receipt did not erase or render inadmissible oral misrepresentations as to working condition of appliances made by this defendant in violation of the terms of the consent order secured by the department. Parol evidence of any such oral misrepresentations is here clearly admissible.

We conclude that, with the charge being violation of the consent order banning false representations as to merchandise sold, there is no basis for defendant's challenges to his conviction on the grounds of (1) overbreadth of the enabling act, (2) insufficiency of the evidence, and (3) inadmissibility of parol evidence.

*By the Court.*—Judgment affirmed.

---

[9] 23 C.J.S., *Criminal Law*, sec. 857 (1961).