BEILFUSS, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 9—April 26, 1910.*

*Criminal law: Abandonment of wife and children: Liability for support of children in custody of wife: Instructions to jury: Misstatement of evidence: Arguments of counsel: Harmless errors.*

1. If a father has the ability to maintain his minor children, his offer to support them if surrendered to his custody by his wife does not relieve him from liability for their support, even though they are improperly detained from him by the wife.
2. Reviewing the evidence at length in the charge to the jury, even though not advisable, is not error if the evidence is stated correctly.
3. Inadvertent misstatements in the charge to the jury as to what the evidence tends to prove, promptly called to the attention of the court and corrected by him so that the jury could not have been misled or influenced thereby, do not warrant a reversal of the judgment.
4. Where the district attorney denied having made a statement in argument attributed to him by defendant's counsel, and the court, not knowing whether he made it or not, instructed the jury to disregard it if made, no error is shown.

ERROR to review a judgment of the county court of Clark county: OSCAR W. SCHOENGARTH, Judge. *Affirmed.*

*Geo. B. Parkhill,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *Emery W. Crosby,* district attorney, and oral argument by *Mr. Crosby.*

BARNES, J.   The plaintiff in error, hereinafter called the defendant, was convicted under sec. 4587c, Stats. (1898), as amended by ch. 131, Laws of 1905, of the offense of abandoning his wife and two minor children.   Such of the errors assigned as merit consideration will be discussed in the order in which they were presented to the court.

1. It is contended that the court erred in giving the following instruction to the jury:

"If you find that the defendant has sufficient ability to maintain or to earn the means with which to support the children, his offer to support them on their surrender to his custody by the wife does not relieve him from liability for their support, even if they are improperly detained from him by the wife, since he can obtain custody of them, if entitled to it, by appropriate legal proceedings."

Facts were proven on the trial to which the instruction was applicable.   It seems to be entirely in harmony with what is said in *Zilley v. Dunwiddie,* 98 Wis. 428, 74 N. W. 126, and we entertain no doubt that the instruction is good law. The elder of the children was under the age of four years at the time of the trial.   The younger was less than two years of age.   The children should not be permitted to suffer even if the circumstances were such that the father might have been able to procure their custody in a legal way.   He should either resort to his legal rights or suffer the consequences which the law very properly imposes upon him.

2. It is next urged that the court erred in that in his charge he misstated the evidence to the prejudice of the defendant. The court reviewed the evidence at much greater length than was necessary or perhaps advisable.   The defendant cannot

complain of this so long as the evidence was stated correctly. His requested instructions covered eight or ten pages of type-written matter and reviewed the evidence with much detail. The court, in delivering his charge, inadvertently made two misstatements of what the evidence tended to prove. His attention was promptly called to such errors by the counsel in the case. The action of the court in reference to the mistakes made was such as to leave no doubt in our minds that the errors were corrected and that the statements complained of could not have influenced the jury, particularly in view of the fact that counsel on both sides were agreed that the facts stated by the court, and in reference to which complaint is made, were not warranted by the evidence. Neither do we regard the alleged misstatement as being sufficiently prejudicial to warrant a reversal of the judgment.

3. It is urged that the judgment should be reversed because of improper argument to the jury by the district attorney. The latter denied making the statement attributed to him by the defendant's counsel. The court did not know whether he made it or not, but instructed the jury to disregard it if it had been made. We fail to see where the record presents any error in this regard, or where there is any exception to raise the alleged error.

4. It is also argued that a verdict should have been directed because of the failure of the proof to show that an offense had been committed. We have examined the evidence and feel satisfied that it was ample to warrant a conviction.

5. Of the two remaining errors argued, one is not well assigned and the other is not well taken and calls for no discussion.

*By the Court.*—Judgment affirmed.