HOFFMAN, Respondent, vs. HOFFMAN, Appellant.

*December 8, 1942—January 12, 1943.*

*Lilian M. Kohlmetz,* attorney, and *Rudolph L. Forrer* of counsel, both of Milwaukee, for the appellant.

For the respondent there was a brief by *Charles Rice,* attorney, and *H. A. Kovenock* of counsel, both of Milwaukee, and oral argument by *Mr. Kovenock.*

MARTIN, J. The parties to this action were at all times in question *bona fide* residents of Wisconsin, residing in the city of Milwaukee. The plaintiff obtained a divorce from her former husband in the circuit court for Milwaukee county on the 21st day of May, 1925. She and defendant went through a marriage ceremony at Waukegan, Illinois, on September 2, 1925. They immediately returned to the city of Milwaukee, where they have since resided and cohabited as husband and wife. The issue of said marriage is a daughter, who was thirteen years of age at the time of the commencement of this action. Plaintiff seeks a divorce from bed and board on the ground of cruel and inhuman treatment. The defendant

counterclaimed for an absolute divorce on the ground of cruel and inhuman treatment, and in the alternative asked that the purported Illinois marriage be annulled and declared of no effect, for the reason that same was contracted within one year after plaintiff was divorced from her former husband.

It will serve no useful purpose to record the acts of alleged cruel and inhuman treatment on the part of either spouse. It will suffice to say that the evidence on that issue sustains the findings made by the trial court and warrants the court's conclusion that neither was entitled to a divorce, limited or absolute.

On the issue of annulment of the Illinois marriage on the ground that it was contracted within one year from the date of plaintiff's divorce from her former husband, the court at the close of the trial on March 13, 1942, rendered an oral decision from the bench, which is in part as follows:

"The court further finds and decides that during the month of January, 1925, the plaintiff in the instant action met Oakley Hoffman, the defendant, and shortly thereafter started to keep steady company with him. Marriage was discussed and the defendant was advised that the plaintiff had been married and divorced. It is the testimony of the plaintiff that she was assured by the defendant that her remarriage in a foreign jurisdiction would be valid and that by going to the state of Illinois and entering into marriage with him there she could escape the statutory prohibition imposed by law in Wisconsin. . . . She heard the admonition of the court at the time of her divorce from Harold Steinhardt, and understood it, and, in violation of the statute, she saw fit to attempt to contract marriage to the defendant a few months after her appearance in the circuit court on that trial.

"Under the circumstances, how can a court be asked to indulge in a presumption of innocence with those facts in mind? . . . The court now finds that the plaintiff in this case entered into that marriage to the defendant in Waukegan in bad faith and with full knowledge and appreciation of the fact that she was thereby violating the express and plain statutes of this state that she had invoked a few months prior

thereto in her action for divorce. . . . The court finds that
at the time of the marriage of the plaintiff to the defendant
in this case she then had a husband living and that, accordingly,
the marriage of the plaintiff and the defendant in Waukegan,
on or about the 2d day of September, 1925, has no validity,
and is a nullity."

Thereafter, plaintiff moved the court to modify its deci-
sion rendered orally at the close of the trial on March 13, 1942.
After argument on that motion the court filed a written deci-
sion, dated March 26, 1942.  In this decision the court said :

"I have concluded that the decision of the court that the
marriage of the parties at Waukegan, Illinois, on the 2d day
of September, 1925, was null and void for the reason that said
marriage was attempted to be solemnized within one year
after the entry of a judgment of divorce in favor of the plain-
tiff and against her former husband, must be set aside."

The court further said :

"The testimony of the defendant, Oakley Hoffman, is
throughout a profession of his absolute good faith in his mar-
riage to the plaintiff at Waukegan and his life with the plain-
tiff thereafter as her husband.  He declares that until he com-
menced an action for divorce against this plaintiff in the cir-
cuit court of this [Milwaukee] county, on or about the 11th
day of April, 1938, and made inquiry into the subject of the
validity of the marriage of the parties, he did not doubt but
firmly believed that he was at all times duly married to the
plaintiff.  His verified complaint in said divorce action, on
file in this court, . . . recites, among other things : 'That on
the 2d day of September, 1925, the plaintiff and the defendant
intermarried at the city of Waukegan in the state of Illinois,
and that ever since and now are husband and wife.' "

The relief demanded in the complaint in that action was for
a judgment of absolute divorce from the bonds of matrimony
subsisting between the parties.  The validity of the Waukegan
marriage was not challenged by the defendant until the time
that he interposed his answer and counterclaim in the instant
action.  The court further said :

"The court therefore concludes and now decides that the plaintiff and the defendant, having lived together since the Waukegan marriage as husband and wife, such marriage contract having been entered into by Oakley Hoffman in good faith and in the full belief that the former marriage of the plaintiff had been dissolved by a divorce and the impediment to the marriage of the parties having been thereafter removed by the said divorce of Erna Hoffman becoming absolute, and the court finding that the said parties continued to live together as husband and wife in good faith on the part of said Oakley Hoffman, that therefore said parties must be held to have been legally married from and after the removal of the impediment under the provisions of sec. 245.35, Wisconsin Statutes."

The court accordingly made findings of fact and conclusions of law upon which judgment was entered dismissing plaintiff's complaint on the merits; also, dismissing defendant's counterclaim on the merits and denying defendant's prayer for an annulment of the Waukegan marriage.

Sec. 245.35, Stats., provides:

"If a person during the lifetime of a husband or wife with whom the marriage is in force, enters into a subsequent marriage contract in accordance with the provisions of section 245.12, and the parties thereto live together as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, or that the former marriage had been annulled, or dissolved by a divorce, or without knowledge of such former marriage, they shall, after the impediment to their marriage has been removed by the death or divorce of the other party to such former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and after the removal of such impediment, and the issue of such subsequent marriage shall be considered as the legitimate issue of both parents."

Sec. 245.03 (2), Stats., provides:

"It shall not be lawful for any person, who is a party to an action for divorce from the bonds of matrimony, in any court

in this state, to marry again until one year after judgment of divorce is granted, and the marriage of any such person solemnized before the expiration of one year from the date of the granting of judgment of divorce shall be null and void."

Sec. 245.04 (1), Stats., provides:

"If any person residing and intending to continue to reside in this state who is disabled or prohibited from contracting marriage under the laws of this state shall go into another state or country and there contract a marriage prohibited and declared void by the laws of this state, such marriage shall be null and void for all purposes in this state with the same effect as though such prohibited marriage had been entered into in this state."

So far as the element of good faith is material under the provisions of sec. 245.35, Stats., and with reference to said section validating an illegally contracted marriage because of the provisions of secs. 245.03 (2) and 245.04 (1), in *Estate of Tufts,* 228 Wis. 221, 224, 280 N. W. 309, the court said:

"It must be noted that, in so far as 'good faith' is material, under the provisions last quoted [sec. 245.35], the parties cannot be held to have been legally married, after the removal of the impediment to their marriage because of a prior undissolved marriage, solely by reason of their living together as husband and wife in good faith on the part of one of them, after such removal. On the contrary, in so far as the matter of good faith is involved, such subsequent events and accompanying good faith *can operate to validate such an illegally contracted marriage* only in the event that *at the time of* the contracting thereof it 'was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, or that the former marriage had been annulled or dissolved by a divorce. . . .'"

As to the alleged cruel and inhuman treatment on the part of both, we cannot say that the findings of the trial court in that respect are against the great weight and clear preponderance of the evidence. On the defendant's alternative prayer

for an annulment of the Illinois marriage, the court held that said marriage was entered into by Mr. Hoffman in good faith and in full belief that the former marriage of the plaintiff had been dissolved by a divorce; and the impediment to the marriage of the parties having been thereafter removed by said divorce becoming absolute, and the parties having continued to live together as husband and wife in good faith on the part of Mr. Hoffman, the parties must be held to have been legally married from and after the removal of the impediment, under the provisions of sec. 245.35, Stats.

*By the Court.*—Judgment affirmed.

BARLOW, J., took no part.