GISSING, Respondent, v. GISSING, Appellant.

*April 6—May 2, 1961.*

For the appellant there was a brief by *Rubin, Ruppa & Wegner* of Milwaukee, and oral argument by *Nathan Ruppa*.

For the respondent there was a brief and oral argument by *Walter J. Steininger* of Milwaukee.

BROADFOOT, J.   The record discloses that at the time of the divorce neither of the parties owned any real estate and their personal property consisted of household furnishings and an automobile. Pursuant to the written stipulation, the judgment of divorce awarded all of the household furniture in possession of the plaintiff to her, and the automobile to the defendant.

At the time of the divorce the defendant was earning approximately $9,000 per year as a transportation specialist. He testified that he lost this employment on March 29, 1960; that he was unemployed in April and was in a hospital for approximately a week during that month; that on May 1st he obtained employment selling automobiles; that he earned $406.46 in May, $460.14 in June, $310 in July, and nothing in August; that said amounts were gross and that his expenses, mostly for gasoline, amounted to $57 per month; that on the 28th of August, 1960, he was employed by another truck line at a rate of $600 per month gross. The defendant remarried at Dubuque, Iowa, on August 22, 1960.

The defendant further testified that his take-home pay is $474 per month; that he has an arrangement with his second wife, who works, that his contribution toward household expenses will be $86 per month; that his total requirements for his living expenses are $236 per month, but there was no breakdown of this figure; that he must use a car in his new position; that he sold the car he owned at the time of the divorce and now uses a car belonging to his wife; that his gasoline expenses for using the same amount to $35 per month; and with insurance and other incidentals his car expense will amount to $550 per year.

Plaintiff testified, and defendant admitted, that the sum of $320 per month for alimony and support money is required in order that she and the children can live in a frugal manner. A husband's duty to support his wife and children does not cease because of a divorce and even though the burden may be onerous the husband's obligation to support is present and must be recognized. To justify a modification of the judgment at some subsequent time, it is incumbent upon the one who seeks the modification to show that there is a substantial or material change in the circumstances of the parties which would justify such modification.

The wife is in worse circumstances financially than at the time of the divorce. She was forced to borrow substantial sums of money to support herself and children while her husband was not making the payments, and because of health conditions and because of her indebtedness her needs are greater. There was a substantial and material change in the defendant's circumstances during the summer of 1960. However, they had improved by the date of the hearing. The hearing was so close to the time of his obtaining his new position and to the time of his marriage that a clear picture of his then financial situation is not reflected in the record. The trial court, however, was satisfied that the defendant's circumstances were such that he could pay the $320 per month for alimony and child support. We agree with that determination. The defendant is a young man, trained as a transportation specialist and when engaged in that field of endeavor his services command a good salary. Even though burdensome he must pay the sums he admits are required for the support of his former wife and his children.

Because of his age and prospects, the trial court was correct in refusing to cancel the arrearage in his payments to a greater extent than is provided by the order. Token pay-

ments thereon should be required. For the reasons stated above there should be a reappraisal of the defendant's ability to make payments toward the arrearage. Until such time arrives the order will be modified to provide for the payment of $10 per month instead of $10 per week thereon.

*By the Court.*—The order of October 18, 1960, is modified to require the payment of $10 per month rather than per week on the arrearage until the further order of the circuit court for Milwaukee county. In other respects the order is affirmed. No costs are to be taxed in this court by either party.