BLOCK, Appellant, v. BLOCK, Respondent.

*December 1—December 29, 1961.*

294

The cause was submitted for the appellant on the briefs of *Walter M. Block* of Chicago, Illinois, *in pro. per.,* and for the respondent on the brief of *Cohen & Parins* of Green Bay.

·HALLOWS, J. The appellant claims there are eight questions to be answered by this court, but several of them are not properly raised and the rest can be restated as two propositions: (1) Did the court have jurisdiction to issue its order indefinitely suspending the plaintiff's visitation rights, and (2) did the court abuse its discretion in making the order?

The trial court has the power to make reasonable provisions concerning the care, custody, maintenance, and education of minor children of parties involved in an annulment, divorce, or legal separation; and thereafter, a court continues to have the power to change the care, custody, maintenance, and education of such children when their welfare will be promoted. However, no order changing the custody of such child may be entered until after notice of such application has been given to the parents of such child, if they can be found. Secs. 247.24 and 247.25, Stats. The children in this instance are in California with their mother with the approval of the Wisconsin court. Such fact does not defeat the jurisdiction of the Wisconsin court even if it is considered the children are not domiciled in Wisconsin. *Brazy v. Brazy* (1958), 5 Wis. (2d) 352, 92 N. W. (2d) 738, 93 N. W. (2d) 856; *Anderson v. Anderson* (1959), 8 Wis. (2d) 133, 98 N. W. (2d) 434. The court having jurisdiction over the children did not lose such jurisdiction, nor was the trial court without power to act in changing the

visitation rights of the plaintiff, because he could not be found and personally served and such order was based upon service by mail.

The plaintiff contends his residence was known at all times and he did not receive notice of the pending motion to change his visitation rights and the court was in error in finding he was attempting to evade service of process and hide his residence. In the record before us, there is ample evidence to sustain the finding of the trial court that the plaintiff could not be found with reasonable diligence. The defendant could not serve the plaintiff's guardian *ad litem* for the reason his guardian *ad litem* had been discharged on March 28th. At that time, the plaintiff's residence was apparently 1314 Devon Avenue, Chicago, Illinois. Personal service was attempted by a process server at that address unsuccessfully. On May 11th the plaintiff wrote his children and invited them to write him at 340 Harding Road, Lombard, Illinois. Attempted service at that address was unsuccessful and letters sent to him at that address by his children on May 24th were returned unclaimed. Substituted service was made on the plaintiff's brother at the Lombard, Illinois, address, but the brother by wire and letter stated the plaintiff did not reside at that address. In May, the plaintiff filed a brief in this court listing his address as 70 West Chippewa Street, Buffalo, New York, in care of Bock Lewis. Attempts of obtaining personal service at that address failed. The record discloses a letter from the sheriff of Erie county, New York, which states he could not find anyone at that address who knew the plaintiff. The notice of June 15, 1961, demanding visitation rights contained no address of the plaintiff. While the plaintiff, in his brief, argues his address was known, he still does not reveal where he could have been found or where his residence is or was.

We can only conclude from the record that the trial court gave as much notice to the plaintiff as it could under the

circumstances and the court had jurisdiction to entertain the motion concerning the welfare of the children. Such jurisdiction is not dependent upon personal service on the plaintiff. The court had jurisdiction of the children and due process requires only notice to the parent as provided by the statute, if he can be found. One cannot hide his place of residence so as to escape service of process in this type of suit and then claim the court does not have jurisdiction. The plaintiff has appeared personally in this action and the court still has jurisdiction of the children. Due process only requires reasonable notice to the plaintiff of the pending motion which was given. These facts are similar to those considered in *Greef v. Greef* (1959), 6 Wis. (2d) 269, 94 N. W. (2d) 625, where we held the court had jurisdiction. See also *Eule v. Eule* (1960), 9 Wis. (2d) 115, 100 N. W. (2d) 554.

The second question to be considered is whether the court abused its discretion in indefinitely suspending the plaintiff's visitation rights. We do not understand the trial court denied these rights because the plaintiff could not be personally served with process or because he was behind in his support payments as contended by the plaintiff; rather, the court exercised its discretion on the ground it would not be for the best interests and welfare of the minor children to permit the plaintiff to have temporary exclusive custody for the purposes of visitation under the circumstances of this case. The rights of visitation should not be denied a parent to punish him because of his failure to pay support money for the child. The paramount reason for visitation is the benefit to be derived by the child from associating with its parents and its welfare should not be jeopardized by an order conditioned upon payment of support money or alimony even though such order might prove effective as a collection device. *Fitch v. Fitch* (1929), 207 Iowa 1193, 224 N. W. 503; *Kern v. Lindsey* (1944), 182 Va. 775, 30 S. E. (2d)

707; 2 Nelson, Divorce and Annulment (2d ed., 1961 rev.), p. 274, sec. 15.26.

Plaintiff contends his constitutional right to visit his children was violated. The parental right of visitation is a sacred but not necessarily an absolute one. 27 Am. Jur., Infants, p. 828, sec. 107. Minor children are entitled to the love and companionship of both parents in so far as this is possible and consistent with their welfare. This objective is often difficult to achieve in cases of divorces and especially in a case such as we have here where the litigation has been protracted and permeated with animosity of the parents toward each other. Although the right of visitation is most important and natural to the parent, a parent must, under extraordinary circumstances, yield to the best interests and welfare of the child when to exercise such visitation right would injuriously affect the welfare of the child. In this case, the trial court was asked to require children living in California to be transported to Chicago when no showing was made by the father that he had any permanent place of abode or where the children would be during the visitation period or of any assurance he would return the children to the defendant.

The inability to serve the plaintiff with process or to locate him at any place of abode is indicative of a lack of responsibility on his part which would justify a trial court in temporarily suspending visitation rights until the plaintiff made a showing that such visitations would not jeopardize the safety and welfare of the children. In making such a decision, the trial court may take into consideration the age of the children, their health, convenience of the parties, the character of their relationship, and their individual responsibility. The past conduct of the plaintiff in this litigation, the numerous unfounded charges which have uninterruptedly been made, the litigation commenced against

the judicial officers of this state, the intemperate and derogatory public charges made, and the lack of any permanent abode where he could be found, certainly impressed the trial court that the plaintiff was not trustworthy and responsible and that the welfare of the children would be jeopardized by allowing visitation upon the conditions set forth in the original order.

The order appealed from does not deny visitation rights to the plaintiff absolutely and for all times. The way is still open to the plaintiff to have his visitation rights restored by proving to the court that the best interests of his children and their welfare will be enhanced and not jeopardized by visitation. The circumstances of this case are not entirely unlike those reviewed in *Gotz v. Gotz* (1957), 274 Wis. 472, 80 N. W. (2d) 359, and in *Neblett v. Neblett* (1957), 274 Wis. 574, 81 N. W. (2d) 61, where we held there was no abuse of discretion to make a parent affirmatively prove that visitation would be to the best interests of the child, which is the primary consideration of the court.

We must state a file in this court contains many letters and various documents from the plaintiff not served upon the opposing party. In a document entitled "Motion" filed September 28, 1961, the appellant gives his address as in care of Adolph Newman, 170 Franklin Street, Buffalo, New York, in which he states he cannot appear at hearings in the circuit court in this litigation and in this court because he will be jailed if he enters Wisconsin and that vital information is withheld from his petition because of this court's rule that nothing can be said against the trial court. The record in this case and the general file in this court contain no order which prescribes or even suggests such limitations on the plaintiff's rights and no court rule prohibits the plaintiff from pointing out errors of the trial court. In doing so, however, the plaintiff must observe the appellate rules

of procedure and not make assertions and charges based on alleged facts which are not in the record.

We conclude the court did not abuse its discretion in making the order appealed from.

*By the Court.*—Order affirmed.