SPRING, Appellant, v. SPRING and another, Respondents.

*April 3—May 1, 1962.*

462

For the appellant there was a brief by *Raskin & Zubrensky,* attorneys, and *Herbert S. Bratt* of counsel, all of Milwaukee, and oral argument by *Mr. Bratt.*

No appearance or brief for respondents.

BROADFOOT, C. J. The general rule of law concerning parental duty to support and maintain minor children is well stated in 39 Am. Jur., Parent and Child, pp. 630, 631, sec. 35:

"The prevailing view now is that parents are, regardless of any statute, under a legal as well as a moral duty to support, maintain, and care for their minor children. This obligation is sometimes spoken of as one under the common law and sometimes as a matter of natural right and justice,

and is often accepted as a matter of course without the assignment of any reason. It may be, of course, and now frequently is, a duty specifically imposed by statute."

It is not necessary to cite authority for the proposition that a divorce alone does not relieve the parents of common-law liability for the support of the minor children of the marriage.

Sec. 247.24, Stats., authorizes the order of August 23, 1961, awarding the care, custody, and control of the minor children to the Milwaukee county department of public welfare. Accordingly, the provisions of ch. 48, Stats., are applicable. Sec. 48.02 (10) defining "legal custody" provides:

" 'Legal custody' means the right to the care, custody, and control of a child and the duty to provide food, clothing, shelter, ordinary medical care, education, and discipline for a child. Legal custody may be taken from a parent only by court action. If legal custody is taken from a parent without termination of parental rights, the parents' duty to provide support continues even though the person having legal custody may provide the necessities of daily living."

It must be assumed that appellant knew, or should have known, that where minor children are concerned in a divorce action, a primary concern of the trial court is to promote the welfare of such children by providing for their proper care and custody.

Counsel for appellant has not denied or argued against the following finding of fact made by the trial court, and which is supported by the record:

"That the admitted acts of plaintiff disposing of all of the clothing of the children and personal effects and toys, and refusing to release their bedroom furniture, are actions of malice designed to perpetrate harm not only inconvenience by her to said children, and the attitude of plaintiff toward said children evinces a positive desire on her part to inconvenience all persons having temporary custody of said children."

It is noted that appellant was receiving $123 per month from Milwaukee county for support of the children. Under the circumstances of this case, the trial court correctly ruled that it was implicit in the August 23, 1961, order that appellant would be held accountable for the clothing, effects, and furnishings of her children then in her possession. We regard this as part of her continuing duty to provide support.

Appellant contends that the court acted arbitrarily in setting $100 as the amount by which payment the contempt could be purged. She claims that there is no credible evidence that shows that sum to be the value of the clothing and effects.

Sec. 48.27 (1), Stats., provides:

"Whenever legal custody of a child is taken by the court from the child's parents, or whenever the child is given medical, psychological, or psychiatric treatment under order of the court, and no provision is otherwise made by law for payment for the care or treatment of the child, compensation for it when approved by order of the court, shall be a charge upon the county. The court may, after giving the parents a reasonable opportunity to be heard, order them to pay as the court may direct, a sum, within their ability to pay, to cover in whole or in part the care or treatment of the child. If the parents fail, without good cause, or refuse to pay such sum, they may be proceeded against for contempt."

The court had before it affidavits as to the amount and type of children's clothing in possession of appellant. Appellant was given the opportunity to present evidence as to replacement value of the clothing. She did not do so. She was also given the opportunity to furnish bills of sale to her present husband as proof of who paid for the disputed furniture. She did not do so.

In *State ex rel. Ignasiak v. Franklin* (1954), 268 Wis. 295, 297, 67 N. W. (2d) 308, the court said:

"From the record and briefs it appears that plaintiff has failed to comply with the terms of the judgment. That fact of itself does not make him a contemnor. Not every failure to obey a judgment constitutes contempt of court. For instance, inability of the alleged contemnor to obey a decree, if not brought upon himself, may be a defense to a charge for contempt. 'It is true that the remedy is severe and harsh. Imprisonment certainly should not be ordered when it appears that the default is the result of honest inability to pay, on account of business misfortunes, or lack of health or earning ability, or other circumstances which are not the fault of defendant.' *Staples v. Staples,* 87 Wis. 592, 596, 58 N. W. 1036."

Appellant has not claimed inability to pay or shown any other circumstances that tend to mitigate her contumacious conduct.

There was no abuse of discretion on the part of the court in setting the replacement value of the clothing at $100 or in determining that the furniture should go to said minor children. Even assuming there was such an abuse of discretion, in view of the recalcitrance of the appellant, on the record the court would have been justified to punish her conduct as derogatory to the authority of the court under sec. 256.03, Stats.

If there was a legitimate misunderstanding as to the meaning of the August 23, 1961, order there could be no doubt as to what was required by the three subsequent ones. The court made findings of fact which are backed up by affidavits. The court obviously believed the affidavits credible, but did not believe the appellant. The record justifies this conclusion. Appellant had from September 20, 1961, to November 3, 1961, to comply with the orders entered subsequent to August 23, 1961. The court indicated she was in contempt for disobeying these orders. We agree.

*By the Court.*—Orders affirmed.