HUTSCHENREUTER, Respondent, v. HUTSCHENREUTER, Appellant.

*March 4—March 31, 1964.*

For the appellant there was a brief and oral argument by *Dale G. Waterman* of La Crosse.

For the respondent there was a brief by *Moen, Sheehan & Meyer* and *L. E. Sheehan,* all of La Crosse, and oral argument by *L. E. Sheehan.*

There was also oral argument by *Joseph D. Becker* of La Crosse, guardian *ad litem.*

DIETERICH, J. The single issue on this appeal is whether the circuit court had jurisdiction to revise the judgment of divorce after two years had passed since the date of entry.

Divorce is a statutory proceeding, and the rights and remedies of the parties are limited to those provided by the statutes. *Hirchert v. Hirchert* (1943), 243 Wis. 519, 525, 11 N. W. (2d) 157. Sec. 247.25, Stats., provides as follows:

"The court may from time to time afterwards, on the petition of either of the parties and upon notice to the family court commissioner, revise and alter such judgment concerning the care, custody, maintenance and education of any of the children, and make a new judgment concerning the same as the circumstances of the parents and the benefit of the children shall require."

There is no time limit in sec. 247.25, Stats., and this court has stated that under the statute the trial court has the jurisdiction at any time to modify provisions of a divorce judgment relating to the maintenance of the minor children of the parties. *Anderson v. Anderson* (1959), 8 Wis. (2d) 133, 143, 98 N. W. (2d) 434.

It is fundamental that a divorce terminates only the relationship of husband and wife, and does not affect in any manner the parental relations or duties of the parties. *Romanowski v. Romanowski* (1944), 245 Wis. 199, 203, 14 N. W. (2d) 23. A husband's duty to support his wife and children does not cease because of a divorce, and even though the burden may be onerous the husband's obligation to support is present and must be recognized. *Gissling v. Gissling* (1961), 13 Wis. (2d) 556, 559, 108 N. W. (2d) 916.

The appellant does not question the trial court's finding that he is the father of Cari Lee, but argues that the word "children" as contained in sec. 247.25, Stats., contemplates the children existing and determined by the court at the time of the judgment of divorce to be the children of the marriage. In the instant action, the record discloses that the question of the paternity of the then unborn child was not before the court at the time of the findings and divorce decree on December 2, 1960, and that the court was not aware of respondent's pregnancy. Under sec. 247.37 (1) (a), a judgment of divorce is not effective even as to the marital status

of the parties until the expiration of one year from the date of judgment. Here the child was born May 2, 1961, within the time that the judgment remained interlocutory, and this child, Cari Lee, was subsequently adjudged by the trial court to be a child of the marriage. To hold that the judgment may not be amended so as to provide support for the child would be to preclude the child's rights by the action of the mother in not revealing her condition at the time of the original decree. The interests of the children are not to be lightly regarded in matters arising under the Family Code. In *Zillmer v. Zillmer* (1960), 8 Wis. (2d) 657, 663, 100 N. W. (2d) 564, 101 N. W. (2d) 703, which was an action involving child custody, there was some question as to whether certain facts concerning the mother's history of mental illness were disclosed to the court when the original order for custody was entered. This court stated that "the interest of the child and of the public in the child's welfare should not be concluded by the failure of the parents to bring relevant and important facts to the attention of the court." It was found in the *Zillmer Case* that the facts brought before the trial court did at least suggest the question of whether the mother's illness might affect her fitness to have custody of the minor children. In the instant action, there was not so much as a hint that the respondent was pregnant.

Under the facts as presented by the record, when examined in the light of the intent and purpose of the Family Code, we determine that the trial court did not err in ordering the original judgment of divorce to be revised.

Appellant raises the additional argument that the marriage was void for the reason that the wife was a party to a prior judgment of divorce less than one year before the marriage, and that a child born of a void marriage is not a child born "in wedlock."

The findings of fact in the original divorce action provide that the parties were married in 1955, and "ever since have

been and now are husband and wife." Since the issue of the validity of the marriage is always before the court in a divorce action, the judgment is *res judicata* on the question of the validity of the marriage.

In any event, there being nothing in the record to indicate that either one of the parties entered into the marriage in other than good faith, the impediment, if any, existing at the time of the marriage was removed a few months later when the wife's prior divorce became final. Sec. 245.24, Stats.; [1] *Hoffman v. Hoffman* (1943), 242 Wis. 83, 87, 88, 7 N. W. (2d) 428.

We affirm the order of the trial court revising the divorce decree of December 2, 1960, so as to provide for support and maintenance of the minor child of the marriage, Cari Lee Hutschenreuter.

*By the Court.*—Order affirmed.

---

[1] "If a person during the lifetime of a husband or wife with whom the marriage is in force, enters into a subsequent marriage contract in accordance with s. 245.16, and the parties thereto live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief that the former husband or wife was dead, or that the former marriage had been annulled, or dissolved by a divorce, . . . they shall, after the impediment to their marriage has been removed by the death or divorce of the other party to such former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and after the removal of such impediment . . ."