KRAUSE, Respondent, v. KRAUSE, Appellant.

*No. 58.   Argued March 26, 1973.—Decided May 1, 1973.*
(Also reported in 206 N. W. 2d 589.)

500

504

For the appellant there was a brief by *Graunke & Boone* of Wausau, and oral argument by *Clinton A. Boone*.

For the respondent there was a brief by *William A. Melby* and *O'Melia, Kaye & Melby, S. C.*, all of Rhinelander, and oral argument by *William A. Melby*.

CONNOR T. HANSEN, J. Before reaching the issue raised on this appeal, we would observe that the plaintiff requests this court to set aside those portions of the order that cancels the support money arrearages due the plaintiff and that withholds the payment of further prospective support money payments until such time as the plaintiff obtains the permission of the court to remove the children to the state of Florida or returns

to the state of Wisconsin with the children and makes it her residence. The plaintiff further assigns as error, the trial court's dismissal of her order to show cause seeking removal of the children to Florida. However, the plaintiff has filed neither a motion to review nor a cross-appeal as required by sec. 274.12, Stats.[2] Therefore, the issues which plaintiff seeks to raise are not properly before this court.

The sole issue before this court is whether the trial court erred in requiring the defendant to make support money payments commencing March 1, 1972.

It is undisputed that the plaintiff not only removed the parties' minor children to Florida without the per-

---

[2] Sec. 274.12, Stats., in part, provides: ". . . (1) A respondent adverse to the appellant upon the latter's appeal may have a review of any rulings prejudicial to him by serving upon the appellant at any time before the case is set for hearing in the supreme court a notice stating in what respect he asks for a reversal or modification of the judgment or order or portion thereof appealed from.

"(2) A respondent may without serving the notice of review mentioned in subsection (1) have a review of any error, the correction of which would merely support the judgment or order appealed from.

"(3) If a respondent who is not adverse to the appellant on his appeal fails to appeal within 30 days after service upon him of notice of appeal or within the extended time therefor allowed by the trial court for cause shown and within the time allowed for appeal by the statute, he thereby waives his right of appeal.

"(4) When any respondent desires to review an order, judgment or portion thereof not appealed from, he shall within 30 days after service on him of notice of appeal take and perfect his appeal or be deemed to have waived his right so to appeal.

"(5) If a party required by subsection (3) or (4) to take an appeal to save his rights does appeal, he shall be subject in all respects to the same requirements that he would be if he were the original appellant and the rights of those served with his notice of appeal, to review rulings of the trial court by which they consider themselves aggrieved, shall be determined as though he were the original appellant.

"(6) . . ."

mission of the court which granted the original judgment of divorce, but did so in such a manner that for a period of approximately fourteen months the defendant did not know their whereabouts. Such action on her part has greatly inconvenienced, if not practically defeated, the defendant's rights of visitation as provided in the original judgment of divorce.

Defendant contends that he owes no duty to support his children while the plaintiff and the children remain outside the state of Wisconsin without permission of the court, because his visitation rights are thereby defeated. This contention is not entirely correct. Regardless of the difficulties that may exist between the plaintiff and the defendant, and absent an adoption or termination proceeding, the parties to this action will always be the mother and father of these two children. Both visitation rights and support payments can directly affect the best interests of the children.

In those jurisdictions that have considered this issue, some refuse to recognize disobedience of the decree of divorce by the former wife as grounds for withholding support money payments, and others have upheld the authority of the court to do so.[3] In discussing a similar question, the Supreme Court of Oregon, in *Levell v. Levell* (1948), 183 Ore. 39, 44, 190 Pac. 2d 527, 529, stated:

"1. The decisions of the various courts disclose a great diversity of opinion as to the proper solution of problems of this kind, but practically all of them agree that the decision rests in the sound discretion of the court and that the welfare of the children is the consideration of paramount importance. . . ."[4]

---

[3] *See:* Annot. (1964), *Violation of custody or visitation provision of agreement or decree as affecting child support payment provision, and vice versa,* 95 A. L. R. 2d 118; 2 Nelson, *Divorce and Annulment* (2d ed., 1961 rev.), pp. 377–379, sec. 15.67.

[4] *See: Kirkwood v. Kirkwood* (1961), 83 Idaho 444, 363 Pac. 2d 1016; *Lawrence v. Lawrence* (1956), 85 R. I. 13, 125 Atl. 2d 218.

The majority of jurisdictions have considered the question not one of power but one of discretion [5] with the welfare of the children as the court's controlling consideration. In a case similar to the one at bar, the court in *Levell v. Levell, supra,* page 49, in considering all the probabilities of an order suspending child support payments until the mother returns with the children to the jurisdiction of the trial court, stated:

". . . This somewhat resembles the punishment of the children for the wrong of the plaintiff. We are not disposed to deprive the children of the benefit of the contributions which are required from the defendant under the decree of the court without evidence satisfactorily showing that those contributions are no longer necessary for the proper maintenance and support of the children. . . ."

In the case now before us, the trial court did not suspend child support payments or modify the amount to be paid.

This court has consistently held that a father's duty to support his minor children rests upon not only moral law but legally upon the voluntary status of parenthood which the father assumed.[6] A divorce terminates only the relationship of husband and wife, and does not affect in any manner the parental relations or duties. *Hutschenreuter v. Hutschenreuter* (1964), 23 Wis. 2d 318, 321, 127 N. W. 2d 47; *Spring v. Spring* (1962), 16 Wis. 2d 460, 463, 114 N. W. 2d 807; *Romanowski v. Romanowski* (1944), 245 Wis. 199, 203, 14 N. W. 2d 23. Even though the husband's duty to support his minor children may become an onerous burden, it is present and will be recognized. *Gissing v. Gissing* (1961), 13 Wis. 2d 556, 559, 108 N. W. 2d 916.

[5] *See: Hardy v. Hardy* (Fla. App. 1960), 118 So. 2d 106, 110; *Levell v. Levell, supra.*

[6] *Niesen v. Niesen* (1968), 38 Wis. 2d 599, 602, 157 N. W. 2d 660; *See also:* 2 Nelson, *Divorce and Annulment* (2d ed., 1961 rev.), p. 356, sec. 15.57.

The trial court recognized this obligation on the part of the defendant, and in the original judgment of divorce provided that the father shall make child support payments in the amount of $100 per month. It can be assumed that this determination was based upon the needs of the children and the ability of the defendant to pay.[7]

Such a determination by the trial court in the original divorce action is not res judicata, in the strict sense of the term, upon the issue of support. The trial court has the power to make reasonable provisions concerning the care, custody, maintenance and education of the minor children of the parties involved in an annulment, divorce, or legal separation, *Block v. Block* (1961), 15 Wis. 2d 291, 295, 112 N. W. 2d 923; and thereafter, the trial court has the jurisdiction at any time to modify those provisions.[8] The court retains such jurisdiction even in a situation where the children are subsequently domiciled outside the state, *Block v. Block, supra; Anderson v. Anderson* (1959), 8 Wis. 2d 133, 98 N. W. 2d 434; *Brazy v. Brazy* (1958), 5 Wis. 2d 352, 92 N. W. 2d 738, 93 N. W. 2d 856. Where such modification is made, the question on appeal is whether there has been an abuse of discretion. *Anderson v. Anderson, supra,* page 142. However, while it is a rule of "almost universal application"[9] that a court may modify the provision of a judgment of divorce relating to support money, it may do so only when there has been a substantial or material change in the circumstances of the parties or children.[10] It is also well settled that the party

---

[7] As a generalization, it can be stated that support money is based upon the needs of the children and the ability of the husband to pay. *Balaam v. Balaam* (1971), 52 Wis. 2d 20, 25, 187 N. W. 2d 867.

[8] Secs. 247.24 and 247.25, Stats.

[9] *Thies v. MacDonald* (1971), 51 Wis. 2d 296, 301, 187 N. W. 2d 186.

[10] Sec. 247.25, Stats.

seeking to alter the provisions of the judgment carries the burden of proof as to whether such a modification is justified. *Thies v. MacDonald, supra; Foregger v. Foregger* (1970), 48 Wis. 2d 512, 522, 180 N. W. 2d 578. However, a material change in the circumstances of the parties is not in itself sufficient. This court, in *Kritzik v. Kritzik* (1963), 21 Wis. 2d 442, 448, 124 N. W. 2d 581, stated:

"A material change in the circumstances of the parties, while a necessary condition for modification, is not in itself sufficient. There must also be a finding that meeting new needs would be in the best interests of the children. In making his determinations as to what conditions of a divorce judgment would best serve the interests of the children involved, the trial court does not function solely as an arbiter between two private parties. Rather, in his role as a family court, the trial court represents the interests of society in promoting the stability and best interests of the family. It is his task to determine what provisions and terms would best guarantee an opportunity for the children involved to grow to mature and responsible citizens, regardless of the desires of the respective parties. This power, vested in the family court, reflects a recognition that children involved in a divorce are always disadvantaged parties and that the law must take affirmative steps to protect their welfare."

While the instant case is concerned not only with the modification of the judgment of divorce but also the enforcement of the original judgment of divorce, the issue still presents a question of trial court discretion. And while the trial court has a proper and wholly necessary interest in maintaining the integrity of its orders, such a goal should not be indifferent to the welfare of the children involved. The controlling factor must still be the best interests of the children.

Although the original judgment of divorce did not specifically order the plaintiff to remain within the court's jurisdiction, it is apparent from the nature of

the court's continuing jurisdiction over the welfare of the children, and the provision in the judgment relating to visitation rights of the defendant, that permission of the court to remove the children from its jurisdiction is necessary. In *Whitman v. Whitman* (1965), 28 Wis. 2d 50, 61, 135 N. W. 2d 835, this court determined that:

"The family court, by virtue of sec. 247.25, Stats., is obligated to retain jurisdiction for custody purposes. The minor children are, in a sense, wards of the court. Even though the courts of our sister states accord 'full faith and credit' to the judgments and orders of the courts of this state, the enforcement of those orders may become, as a practical matter, cumbersome and prohibitively expensive.

"We subscribe to the statement in 2 Nelson, Divorce and Annulment (2d ed., 1961 rev.), p. 267, sec. 15.20:

" 'A party who has been awarded the custody of a minor child should procure leave of court, by an order properly entered in the cause in which the custody was awarded, before taking [the] child out of the state.' "

The record, therefore, indicates misconduct on the part of the plaintiff.

However, the removal by the mother of the parties' minor children from the jurisdiction of the court which entered the judgment of divorce, and the subsequent inconvenience or destruction of the father's rights of visitation, while some excuse for the nonpayment of support money payments, it is not an adequate excuse. *Campbell v. Campbell* (1875), 37 Wis. 206, 224. This court has previously held that a father's liability for the support of his minor children continues uninterrupted notwithstanding the fact that the minor children are improperly detained from the father by the mother. In *Schade v. Schade* (1957), 274 Wis. 519, 523, 524, 80 N. W. 2d 416, it was stated:

". . . While in a number of states, courts deny the liability of a father to the mother for necessaries furnished to children taken from the father's home by the

mother without his consent, and while some courts regard the father as wholly relieved of his duty to provide support for such children when they are living apart from him, even though he subsequently assents to the arrangement or fails to take steps to regain the custody, other courts assert that the father's parental obligation to support his children is deemed to continue unaffected by such conduct on the part of the wife and mother, especially where such children are of tender years and are incapable of deciding for themselves what course they should pursue, and the father has made no attempt to regain their custody. 39 Am. Jur., Parent and Child, pp. 649, 650, sec. 41. This court is committed to the latter principle. In *Beilfuss v. State* (1910), 142 Wis. 665, 666, 126 N. W. 33, the following instruction of the trial court was approved:

" ' "If you find that the defendant has sufficient ability to maintain or to earn the means with which to support the children, his offer to support them on their surrender to his custody by the wife does not relieve him from liability for their support, even if they are improperly detained from him by the wife, since he can obtain custody of them, if entitled to it, by appropriate legal proceedings." '

"Thus, notwithstanding that minor children are improperly detained from the father by the mother, the offer by the father to support them only if they are returned to his custody, is not a lawful or reasonable excuse relieving him from liability for their support where the opportunity is open to him to obtain their custody by appropriate legal proceedings. See also *Zilley v. Dunwiddie* (1898), 98 Wis. 428, 74 N. W. 126; and *Adams v. State* (1916), 164 Wis. 223, 159 N. W. 726. This principle is to be observed in civil actions brought against a father for the nonsupport of his minor children, as well as in criminal proceedings against him for such nonsupport. . . ."

In 2 Nelson, *Divorce and Annulment* (2d ed., 1961 rev.), p. 358, sec. 15.57, this rule is similarly stated:

". . . neither the withholding by the mother of the father's right of visitation nor the relinquishment by the father of his visitation privileges will relieve him of his duty to support his children. . . ."

The court in *Dalton v. Dalton* (1963 Ky.), 367 S. W. 2d 840, 843, stated:

"Whatever infractions of the custodial judgment there may have been on the mother's part, the children should not be deprived of their natural and legal right of support from their father on account of the dissensions of their parents for causes of which they are innocent (Cf. Campbell v. Campbell, 213 Ky. 621, 281 S. W. 800), and the father may not evade his obligation to support his children on the ground of such dissensions."

In the instant case, the mother's misconduct does not relieve the father of his duty to support his minor children. The trial court recognized this obligation by requiring the defendant to pay $100 per month to the clerk of court as and for support and maintenance of the minor children.

The parental right of visitation is a sacred one, but not necessarily an absolute one. Under extraordinary circumstances, it must yield to the best interests and welfare of the child, when to exercise such visitation would injuriously affect the welfare of the child. *Patrick v. Patrick* (1962), 17 Wis. 2d 434, 117 N. W. 2d 256; *Block v. Block, supra.* Visitation rights are not only for the gratification or enjoyment of the parents but also to fulfill the needs of the child. Therefore, the welfare of the child is the court's paramount concern. When it is shown to be in the best interests of the child, either parent may be denied access to his or her own child.[11] Where a parent seeks to remove the child from the jurisdiction of the court which granted the divorce and the other parent's rights of visitation would be inconvenienced or defeated thereby, the controlling consideration in the resolution of such a conflict is always the welfare of the child. *Whitman v. Whitman, supra,* page 57; *Peterson v. Peterson* (1961), 13 Wis. 2d 26, 28, 108 N. W. 2d 126.

[11] 2 Nelson, *Divorce and Annulment* (2d ed., 1961 rev.), p. 274, sec. 15.26.

In the instant case, there has been no finding as to the best interests or welfare of the children. Such a determination cannot be made on the present state of the record. When such a determination is made, the trial court should consider the appointment of a guardian *ad litem* for the children. It reveals that the plaintiff and children left Wisconsin with neither the knowledge nor consent of the defendant or the court. For over a year their whereabouts were unknown to the defendant. During most of this period he made no payments toward the support of the children. The plaintiff and the children now appear to be living with, or near, her parents in Florida. The conduct of removing the children from the state of Wisconsin without the permission of the trial court cannot be countenanced. Whether the plaintiff, her parents, or someone else, is and has been supporting the children is unknown. What intervening change in circumstances may have taken place is a matter of speculation. Also, the record is barren of evidence regarding the general welfare of the children.

We are of the opinion that it was entirely proper for the trial court to order the defendant to pay the sum of $100 per month, as and for the support and maintenance of the minor children of the parties, to the clerk of court of Oneida county; the clerk of court to hold such payments in a bank, drawing interest, in trust for said minor children until the further order of the court. However, the disposal of the funds is not to be dependent upon the trial court granting the plaintiff authority and permission to remove the children from the state of Wisconsin to the state of Florida, or until such time as she returns to the state of Wisconsin with the children and makes the state of Wisconsin her residence.

The funds ordered deposited with the clerk of court by the trial court are to be disbursed by order of the trial court in the exercise of its sound judicial discretion upon a determination as to the best interests and welfare of the children. In making this determination, the visita-

tion rights of the defendant, although not paramount or controlling, are to be considered as a factor. Likewise, the residence of the plaintiff and the children is to be considered but is not a controlling or deciding factor.

The order of the trial court is modified, consistent with this opinion, and, as modified, affirmed.

*By the Court.*—Order modified, and affirmed.