IN RE the MARRIAGE OF Vicky L. RUMMEL, f/k/a
Vicky L. Karlin, Petitioner-Appellant,

v.

Eugene J. KARLIN, Respondent-Respondent.

Court of Appeals

*No. 91-1737. Submitted on briefs January 28, 1992.—Decided
February 26, 1992.*

(Also reported in 481 N.W.2d 695.)

400

On behalf of the petitioner-appellant, the cause was submitted on the brief of *R. Christopher Sharp* of *Sharp & Sharp, S.C.* of Racine.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Thomas E. Dolatowski* of *Foltz, Ludwig & Dolatowski* of Burlington.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

SNYDER, J. This appeal arises from a postdivorce judgment order in favor of Eugene Karlin. Eugene's ex-wife Vicky Rummel appeals from the order which acknowledged a change of placement to Eugene of one of the couple's two children, modified future child support, and ordered an equitable set-off of credits against the new support obligation. On appeal, Vicky challenges only the equitable credit provisions of the order.[1] We agree that equitable credit is available here

---

[1]The change of placement was stipulated. Determinations concerning prospective child support adjustments and income tax exemptions were not appealed.

even absent a child support arrearage and affirm that part of the order. We conclude, however, that the amount of credit granted was without sufficient record support. We therefore reverse that portion of the order for redetermination of the amount of credit due.

Vicky and Eugene divorced in 1986. The judgment of divorce granted Vicky custody and placement of the couple's two minor children. On April 4, 1990, without any involvement of the family court or agreement as to a child support adjustment, the parties placed one child, Ryan, with Eugene. On September 5, 1990, after adjustment negotiations failed, Eugene moved for equitable credit for support of Ryan during the period from April 4 to September 5, 1990. On September 5, 1990, there were no child support arrearages. After a hearing on April 10, 1991, the trial court found:

> 11. That the Respondent, Eugene J. Karlin, is entitled to equitable credit against the child support paid from the period of April 4, 1990 through September 6, 1990 in the amount of $100 per month for five (5) months for a total of $500.

Vicky argues that equitable credit is not applicable because there was no arrearage in child support and, in the alternative, that equitable credit must be supported with specific expenditures rather than utilizing a prospective change in child support, or any other less objective criteria, to grant relief. While Vicky concedes "the retroactive modification of child support due to the stipulation," she does not concede that an award of equitable credit is appropriate where there is no child support arrearage.

A trial court may, in its discretion, grant equitable credit against arrearages for direct expenditures made

for support in a manner other than included in the divorce order or judgment, if under compulsion of the circumstances or with the express or implied consent of the custodial parent. *Schulz v. Ystad,* 155 Wis. 2d 574, 603–04, 456 N.W.2d 312, 323 (1990). The order or judgment must have been entered prior to August 1, 1987, however, because sec. 767.32(1m), Stats., effective August 1, 1987, applies prospectively only and prohibits retroactive credits. *Schulz,* 155 Wis. 2d at 598, 456 N.W.2d at 321.

■

Finding that a failure to grant equitable credit to a child support payor where there was no arrearage would result in unjust enrichment, the trial court here granted the credit.[2] We agree that to do otherwise would be to place those who fail to stay current in child support payments in a better position than those who have met their full support obligations. That would be illogical and contrary to the purpose and intent of the child support law which requires that the court shall "[o]rder either or both parents to pay an amount reasonable or necessary to fulfill *a duty* to support a child." Section 767.25(1)(a), Stats. (emphasis added). One who shirks "a duty" should not be favored over one who does not. Here, there being no arrearage, the trial court ordered a partial deduction from future support payments to satisfy the amount of equitable credit granted. Where equitable credit is warranted, we agree that it may be reimbursed as well as set-off against an arrearage.

---

[2]The trial court stated: "First of all, I agree with [Eugene's attorney] that you don't have to have an arrearage here in order to get the equitable credits since it's clearly an equitable remedy to avoid unjust enrichment."

Vicky also complains that the equitable credit awarded to Eugene was not supported by evidence, and that Eugene had the burden of showing what amounts, if any, he was entitled to recover. We agree. The parent seeking equitable credit must sufficiently prove the expenditure. *Schulz,* 155 Wis. 2d at 604, 456 N.W.2d at 324. The trial court recognized the burden that must be met by Eugene and expressed concerns about the record in that regard:

> I have some real difficulty, though, because there must be clear and convincing evidence as to what payments were made. . . . We have no testimony with respect to expenditures for clothing. We have no testimony with respect to expenditures for food, although we know the kid has to wear clothes and we know the kid has to eat. So, I have a great deal of difficulty in determining in fairness to avoid unjust enrichment, to apply equitable principles, as to what amount of credit there ought to be. *There is no clear and convincing evidence on this record as to the exact amounts,* yet there is clear and convincing evidence that he expended money for the child. [Emphasis added.]

After finding an equitable basis for credit, the court further lamented, "I could throw out the whole claim by saying there is no clear and convincing evidence that he spent a penny because there are no dollar amounts testified to." In granting equity in the amount of $500, the court found that Eugene had met his burden of proof "under the concept of equity that there is clear and convincing evidence he expended moneys for Ryan. I do not have the exact amounts. I am not determining this as a retroactive reduction of child support, but in equity." The trial court then awarded Eugene $100 per month for

the five months in question, without further record or rationale as to how that amount was determined.[3]

*Schulz* is a consolidation of four cases presenting the same issue but arising on somewhat different facts.[4] In two of the four cases, the *Schulz* court found it necessary to remand the matters to the trial court to determine credits:

> We also address an issue raised in both the *Piaskoski* and *Harms* cases concerning the allowance of equitable credits under prior law. Specifically, the issue is whether the circuit court may, in its discretion, grant credit against child support arrearages for expenditures made for a child's support in some manner other than that specifically prescribed in the order or judgment for support. We hold that the circuit courts may grant such credits if the *expenditures were made* by the noncustodial parent for the child's support either under compulsion of the circumstances or with the express or implied consent of the custodial parent. Accordingly, we remand the *Piaskoski* and *Harms* cases to the circuit courts to determine whether credit may be granted under the principles set forth in this decision.

*Id.* at 583–84, 456 N.W.2d at 315 (emphasis added).

Clearly, a finding of equitable credit should be based upon expenditures made independent of the support

---

[3]Eugene argued that the credit should equate with the relief that was granted prospectively—$172 per month, or $860 for the five-month period. Vicky opposed any credit, but argued that if credit were granted, it must be based upon specific expenditures. The record is devoid of any basis for the $100 per month award, other than that it might be equitable.

[4]*Schulz v. Ystad,* 155 Wis. 2d 574, 456 N.W.2d 312 (1990), is consolidated with *Racine County Child Support Agency v. Thompkins, Piaskoski v. Piaskoski,* and *Harms v. Harms.*

order or judgment. The question of whether equitable credit is available is distinct and separate from the issue of what credits, if any, may be awarded.[5]

We understand the trial court's desire to be fair to Eugene after his son Ryan moved into his residence. That desire cannot be accomplished, however, without Eugene providing sufficient evidence as to the specific expenditures that should be reimbursed as credits against his court-ordered support. The trial court, as indicated above, made no specific findings in that regard.

Here, we affirm the determination that equitable credit is available where there is no child support arrearage, but conclude that the grant of equitable credit without sufficient proof of definite and specific expenditures would result in a retroactive reduction of child support. Vicky, as the custodial parent during the period in question, was therefore denied an opportunity to decide how the support money should be spent. *See id.* at 602, 456 N.W.2d at 323. As Eugene's actual expenditures cannot be determined from the record, we remand so that those findings might be made. *See id.* at 605, 456 N.W.2d at 324.

No costs to either party.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.

---

[5]The general rule is that gifts or other voluntary expenditures not made in the manner specifically prescribed by the support order or judgment may not be recovered. *O'Brien v. Freiley,* 130 Wis. 2d 174, 181, 387 N.W.2d 85, 88–89 (Ct. App. 1986); *Hirschfield v. Hirschfield,* 118 Wis. 2d 468, 470–71, 347 N.W.2d 627, 628 (Ct. App. 1984).

ANDERSON, J. *(concurring)*. I write separately only to stress that this decision is not authority for child support obligors to seek "equitable credit" for gifts and other voluntary expenditures which were not made in the manner precisely established by the child support order or judgment. *See O'Brien v. Freiley,* 130 Wis. 2d 174, 181, 387 N.W.2d 85, 88–89 (Ct. App. 1986).

The duty to support a child rests upon both the voluntary status of parenthood that the obligor assumed and upon moral law. *Krause v. Krause,* 58 Wis. 2d 499, 507, 206 N.W.2d 589, 594 (1973). The child support obligor who feels a moral obligation, above and beyond the legal obligation of a child support order or judgment, to provide more than the necessities of life to his or her children should fulfill that moral obligation without seeking "equitable credit."

Gifts and voluntary payments made by the obligor, outside of the child support order or judgment, are to be encouraged as one means of continuing the parent-child relationship which is not terminated by divorce. *See Hutschenreuter v. Hutschenreuter,* 23 Wis. 2d 318, 321, 127 N.W.2d 47, 49 (1964). However, such gifts and voluntary payments alone, even where the custodial parent acquiesces to the generosity of the obligor, cannot be the basis of a request for "equitable credit." To hold otherwise would not serve the "best interest of the children nor any sound public policy that comes to mind." *Severson v. Severson,* 71 Wis. 2d 382, 391, 238 N.W.2d 116, 122 (1976). As we wrote in *O'Brien,* 130 Wis. 2d at 181, 387 N.W.2d at 89:

> Allowing credit for such payments or expenditures would condone the unilateral modification of court orders and interference with the custodial parent's right to decide how support money should be spent.

407

Payments made under "*compulsion of the circumstances or with the express or implied consent of the custodial parent,*" *Schulz v. Ystad,* 155 Wis. 2d 574, 584, 456 N.W.2d 312, 315 (1990) (emphasis added), entitling an obligor to "equitable credit" cannot include gifts or voluntary payments commendably made by an obligor. Nor do such payments include the misguided expenses of the "Disneyland parent" who seeks to win the affection of his or her children by providing the frills and luxuries a frugal custodial parent is unable to provide.